# ARTHUR J. CHIODO v. BOARD OF EDUCATION OF SPECIAL SCHOOL DISTRICT NO. 1 AND OTHERS.

215 N. W. 2d 806.

February 22, 1974—No. 44188.

*Cohen, Budd & Douglas, Edward M. Cohen,* and *Bruce C. Douglas,* for appellant.

*Lindquist & Vennum* and *Jerrold F. Bergfalk,* for respondents.

*Peter S. Popovich* and *Ivars J. Krafts,* for Minnesota School Boards Association, amicus curiae.

Heard before Knutson, C. J., and Kelly, Todd, and Scott, JJ., and considered and decided by the court.

PER CURIAM.

Plaintiff brought an action for a declaratory judgment that he had acquired tenure as a basketball coach under the provision of Minn. St. 125.17. This appeal is from a judgment entered pursuant to an order granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment. We affirm.

Plaintiff is a certified teacher who has been employed by defendant Minneapolis school board as a social studies teacher since 1954. His position as a tenured teacher of social studies is not

involved in this action. In addition to these teaching duties, plaintiff has served in various coaching positions, including that of head basketball coach from 1962 until June 1972. Plaintiff is certified as a head basketball coach pursuant to Minnesota State Board of Education regulations.

In the spring of 1972, plaintiff was informed that he would not be reappointed as head basketball coach for the 1972-1973 school year. This decision was made by the school principal under authority delegated to him to appoint each year from the teachers at that school those who would coach each sport.

Plaintiff requested a written statement of the reasons why he was not being reappointed and a hearing on the matter. Both requests were denied. The sole issue before this court is whether plaintiff has acquired tenure as basketball coach so as to be entitled to the protections of the teacher tenure act as to that position.

The teacher tenure act for cities of the first class is Minn. St. 125.17. It applies to the teachers of Special School District No. 1 since the district's boundaries are coterminus with the boundaries of the city of Minneapolis. Minn. St. 125.17, subd. 3, provides in pertinent part that after the completion of a 3-year probationary period without discharge,

"* * * such teachers as are thereupon re-employed shall continue in service and hold their respective position during good behavior and efficient and competent service and shall not be discharged or demoted except for cause after a hearing."

Minn. St. 125.17, subd. 1(a), defines the key word "teacher" as follows:

"The term 'teacher' includes every person regularly employed, as a principal, or to give instruction in a classroom, or to superintend or supervise classroom instruction, or as placement teacher and visiting teacher. Persons regularly employed as counselors and school librarians shall be covered by these sections as teachers if certificated as teachers or as school librarians."

Plaintiff contends (1) that his certification as head basketball coach pursuant to State Board of Education regulations establishes him as a "teacher"; (2) that an analysis of coaching functions brings a coach within the statutory definition of a teacher as anyone "regularly employed * * * to give instruction in a classroom, or to superintend or supervise classroom instruction"; and (3) that the evidence is not sufficient to sustain the trial court's decision because the court's reasoning, incorporated by memorandum into the order, included assumptions of fact neither supported by affidavit nor stipulated.

Defendants argue that the statutory definition of "teacher" is exclusive and should be strictly interpreted to include only basic teaching positions, not extracurricular duties or assignments...

This court has held that the enumeration in the statute of those entitled to the benefits of the teacher tenure act is exclusive. Board of Education v. Sand, 227 Minn. 202, 34 N. W. 2d 689 (1948). Since the position of coach is not expressly included, it is not subject to tenure rights unless a person holding that position is a person regularly employed to give instruction in a classroom within the meaning of the act.

Giving the word "instruction" its common, ordinary meaning, it clearly describes the function of a coach. Webster's Seventh New Collegiate Dictionary (1971) p. 158, defines "coach" as "one who instructs players in the fundamentals of a competitive sport * * *."

Likewise, the common meaning of the word "classroom" might include a gymnasium where basketball is taught. But words of a statute are to be viewed in their setting, not isolated from their context. If "classroom" were intended to include every location where instruction takes place, its presence in the language of the statute would be superfluous.

Also rebutting the argument for a broad definition of classroom teacher is the fact that the statute specifies several types of teachers, for example, counselors and librarians, in addition

to the classroom teacher. The legislature could have specifically included coaches within the definition of teacher if it had intended that they be covered by the tenure act.

We are not impressed by the contention that certification as a coach confers tenure upon the coaching position. Certification as a criterion of tenure was rejected by this court in Eelkema v. Board of Education, 215 Minn. 590, 11 N. W. 2d 76 (1943). In deciding whether a superintendent was entitled to tenure, this court stated:

"Our construction of the legislative intent of these provisions is that though the superintendent of schools is specifically included in the provisions for certification he is not covered by the tenure act." 215 Minn. 594, 11 N. W. 2d 78.

There is no case law in Minnesota governing the issue presented by this appeal but several decisions from other state courts are brought to the court's attention by defendants and by amicus curiae. While all these decisions can be distinguished on their facts, or on differences in the tenure acts or certification requirements, they are significant in their unanimity in denying tenure to coaches and other similar positions.

We have considered plaintiff's assertion that the trial court's decision in part was based on an assumption of unsupported facts. The decision of the trial court was based on several reasons, only one of which involved the challenged assumption. This court need not sustain a correct decision for the same reason or for all the reasons relied upon by the trial court. We do not think that particular portion of the trial court's memorandum is essential to an affirmance in this case.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.