**Donald STANG, Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 191, Respondent.**

No. 46937.

Supreme Court of Minnesota.

June 24, 1977.

Oppenheimer, Wolff, Foster, Shepard & Donnelly, Eric R. Miller and Thomas W. Anderson, St. Paul, for appellant.

Peterson, Popovich, Knutson & Flynn and James E. Knutson, St. Paul, for respondent.

Heard before ROGOSHESKE, YETKA, and SCOTT, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

This is an appeal from a judgment of the District Court of Dakota County dismissing appellant's complaint for lack of subject matter jurisdiction. Appellant had sought a declaration of his rights under the teacher tenure act, Minn.St. 125.12, but the district court held that the dispute should be submitted to arbitration. This appeal seeks reversal and remand to the district court for further proceedings on the merits.

Appellant, Donald Stang, is a certified, continuing-contract mathematics teacher in District 191 (Burnsville). From the 1966–67 school year through the 1974–75 school year he was also employed as head secondary basketball coach at Burnsville Senior High School. For the 1974–75 school year he received $1,650 as compensation for this position. Stang received the following memorandum on April 25, 1975, from Dr. Harold Bergquist, assistant superintendent for secondary education:

"This communication should serve to inform you that you will not receive a Letter of Assignment (P.S. 4120.1) for the role of Head Basketball Coach at Burnsville Senior High School for the 1975–76 school year.

"This action will not change your position as a classroom instructional staff member in the Burnsville High School District."

Stang immediately filed suit in district court under the teacher tenure act, Minn.St. 125.12. Specifically, Stang alleged that he was a "teacher" within the meaning of subdivision 1, in that certification was required of all head coaches in secondary schools under Rule 345 of the State Board of Education. He further alleged that he had not been given written notice and a hearing as required by § 125.12, subd. 8, of the tenure act. He requested a declaratory judgment under Minn.St. 555.01 finding his purported termination unlawful for lack of compliance with the tenure act.

The school district raised three affirmative defenses, two of which are relevant on appeal: (1) Stang failed to exhaust his administrative remedies, viz. arbitration, under the Master Contract between School District 191 and the Burnsville Education Association, and (2) Minn.St. 125.12 was not applicable to Stang's position as a basketball coach. The school district moved to dismiss for failure to state a claim, and for failure to exhaust administrative remedies. The district court granted the school district's motion on the latter ground.

The question is: Under the facts of this case, does the appellant have a right to notice and hearing under the teacher tenure act?

The position of the school board is that Article XIII of the Master Contract applies to this dispute. That article is entitled "Grievance Procedure," and Section 1 provides:

"A claim by a teacher of the Association that there has been a violation, misinterpretation or misapplication of any provision of this Contract may be processed as a grievance as hereinafter provided."

Section 6 states:

"If the teacher or the Association is not satisfied with the disposition of the grievance by the Board, or if no disposition has been made within the period above pro-

vided, the grievance may be submitted to arbitration before an impartial arbitrator. If the parties cannot agree as to the arbitrator within five (5) calendar days from the notification date that arbitration will be pursued, he shall be selected from the PERB Board in accord with its rules which shall likewise govern the arbitration proceeding. The Board and the Association shall not be permitted to assert in such arbitration proceeding any ground or to rely on any evidence not previously disclosed to the other party. Questions arising over arbitrability of an alleged grievance shall be submitted to arbitration for determination. The arbitrator shall have no power to alter, add to or subtract from the express terms of this contract. Both parties agree to be bound by the award of the arbitrator and agree that judgment thereon may be entered in any court of competent jurisdiction."

"The fees and expenses of the arbitrator shall be shared equally by the parties."

Stang, however, contends that his termination as a coach is not a "grievance," but is rather a "discharge" governed by the tenure act. Minn.St. 125.12, subd. 1, which is applicable here, reads:

"A superintendent, principal, supervisor, and classroom teacher and any other professional employee required to hold a license from the state department shall be deemed to be a 'teacher' within the meaning of this section."

If Stang were protected by this statute, he would be entitled to written notice and an adversary hearing under § 125.12, subd. 8, which reads in part as follows:

"Prior to discharging a teacher the board shall notify the teacher in writing and state its ground for the proposed discharge in reasonable detail. Within ten days after receipt of this notification the teacher may make a written request for a hearing before the board and it shall be granted before final action is taken. The board may, however, suspend a teacher with pay pending the conclusion of such hearing and determination of the

issues raised therein after charges have been filed which constitute ground for discharge."

This court decided a case virtually identical to the present one adversely to Stang's position. In *Chiodo v. Board of Educ. of Special School Dist. No. 1*, 298 Minn. 380, 215 N.W.2d 806 (1974), a head basketball coach of 10 years' standing was informed he would not be reassigned, as is the case here. He brought suit under Minn.St. 125.17 for a declaratory judgment entitling him to written notice and hearing pursuant to that statute. We held that the coach did not qualify as a "teacher" for purposes of Minn.St. 125.17, subd. 1, applying only to cities of the first class, which reads in part as follows:

"(a) Teachers. The term 'teacher' includes every person regularly employed, as a principal, or to give instruction in a classroom, or to superintend or supervise classroom instruction, or as placement teacher and visiting teacher. Persons regularly employed as counselors and school librarians shall be covered by these sections as teachers if licensed as teachers or as school librarians."

The opinion notes that while "instruction" and "classroom" could be broadly interpreted to encompass the function of a coach, the overall setting of the statutory language indicates that coaches were not meant to be included. 298 Minn. 382, 215 N.W.2d 808. The opinion further points out that the legislature could have specifically included coaches within the definition, but did not, and concludes by noting:

"There is no case law in Minnesota governing the issue presented by this appeal but several decisions from other state courts are brought to the court's attention by defendants and by amicus curiae. While all these decisions can be distinguished on their facts, or on differences in the tenure acts or certification requirements, they are significant in their unanimity in denying tenure to coaches and other similar positions." 298 Minn. 383, 215 N.W.2d 808.

The present case is different from *Chiodo* only in the statutory definition of "teacher." Minn.St. 125.12, applicable to school districts not within cities of the first class, includes an additional category of protected persons defined as "any other professional employee required to hold a license from the state department." The definition in Minn.St. 125.17, applicable in *Chiodo*, refers only to "every person regularly employed * * * to give instruction in a classroom, or to superintend or supervise classroom instruction * * *."

The language of the *Chiodo* case indicates the result should be the same here, despite the variation in statutory language, and it is therefore consistent that we so hold. It was also stated in *Chiodo* that the court was "not impressed by the contention that certification as a coach confers tenure upon the coaching position." 298 Minn. 383, 215 N.W.2d 808. Stang had like certification. We therefore reiterate that coaches do not acquire tenure rights to their coaching positions under this factual setting. The legislature could have explicitly included coaches in the definition of "teacher," and we feel that such a revolutionary step should only be considered by that body.

We are urged by the school district to hold that under the circumstances of this case the matter should have been submitted to arbitration as provided by the Master Contract, cited above. While we understand the desire of the district for a ruling that arbitration of grievances should be pursued before resorting to the courts, we see no grievance here to arbitrate. Under the *Chiodo* decision the law is clear and the matter concluded. We have always favored arbitration as a speedy, informal, and relatively inexpensive procedure, but the school district must await another day and a different factual setting for such a mandate. Since the matter is hereby decided on the merits, there is no reason for a remand.

The dismissal is affirmed.