391 So.2d 1240 (1980)
David A. TATE
v.
LIVINGSTON PARISH SCHOOL BOARD.
No. 13505.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Robert C. Funderburk, Thomas H. Matuschka, Baton Rouge, for plaintiff.
J. Donald Cascio, Denham Springs, for defendant.
Before ELLIS, COLE and WATKINS, JJ.
*1241 ELLIS, Judge:
David A. Tate was employed as a teacher and coach at Live Oak High School in Livingston Parish. Under date of May 9, 1977, the principal of Live Oak wrote a letter to Caroll P. Leggette, Superintendent of Livingston Parish Schools, recommending that Mr. Tate not be rehired as a coach for the 1977-78 school year. The letter contained a number of reasons for the recommendation.
Pursuant thereto, Mr. Tate was advised by the Superintendent that he would be offered a contract as a teacher only. He would not show Mr. Tate the letter written by his principal. Mr. Tate then wrote a letter to the School Board asking for an open hearing. On Tuesday, May 31, 1977, he was called by Mr. Leggette and told that he would be heard by the School Board on June 2, 1977. Prior to that hearing, however, Mr. Tate had not seen the letter written by his principal, and was therefore not aware of the charges against him. After the hearing, the School Board voted not to rehire Mr. Tate as a coach.
This suit was filed, in which Mr. Tate asked that the School Board be enjoined from terminating his position as coach at Live Oak High School without first granting him a "due process hearing." A temporary restraining order was denied and, after a hearing, Mr. Tate's prayer for a preliminary injunction was also denied.
Thereafter, Mr. Tate amended his petition to ask for restoration of his lost pay and emoluments from June 2, 1977, until such time as he might be reinstated. The matter was then heard on the prayer for a permanent injunction and, thereafter, judgment was rendered in favor of plaintiff, ordering the School Board to "grant unto the Plaintiff a due process hearing prior to the termination of, or failure to renew, Plaintiff's contract as Coach at Live Oak High School." The School Board was further ordered to restore to plaintiff all benefits of employment as Coach, including salary, from June 2, 1977, until such time as the due process hearing is granted. The judgment further specifies that the School Board is not compelled to hire plaintiff as a coach pending the granting of the hearing. From this judgment, the School Board has appealed suspensively. Plaintiff has neither appealed nor answered the appeal.
First, the School Board claims that the court erred in overruling its preemptory exception of constitutional immunity. It is conceded that there is no immunity in suits in contract against a political subdivision. Article XII, § 10, Constitution of 1974; R.S. 13:5105 et seq.; R.S. 17:51. However, it is claimed that this is a suit based on failure to obtain a contract, and not a suit on a contract. There is no merit to the contention. Plaintiff is arguing that, as a tenured teacher, he has a right to be maintained in his position as a coach, and, therefore, a right to receive his contract.
The major question presented by this appeal is whether or not plaintiff's position as a coach is protected by the Teacher Tenure Law, R.S. 17:441 et seq. It is stipulated by all parties that, in Louisiana, there is no certification for coaches as such. However, according to the testimony, a coach must be the holder of a teacher's certificate.
R.S. 17:441 reads as follows:
"As used in this Sub-part, the word `teacher' means:
"(1) Any employee of any parish or city school board who holds a teacher's certificate and whose legal employment requires such teacher's certificate;
"(2) Any school lunch supervisor employed by a parish or city school board who holds a special parish school lunch supervisor's certificate issued by the department of education of the state of Louisiana and whose employment requires such certificate."
R.S. 17:442, provides, in part, as follows:
"Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish *1242 or city superintendent of schools, as the case may be, accompanied by valid reasons therefor."
R.S. 17:443(A) provides:
"A permanent teacher shall not be removed from office except upon written and signed charges of wilful neglect of duty, or incompetency or dishonesty, or of being a member of or of contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the State of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least fifteen days in advance of the date of the hearing, the school board shall furnish the teacher with a copy of the written charges. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at the said hearing. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction."
It is clear that a teacher who does not enjoy tenure in his position may be discharged by the School Board without notice or a hearing, so long as valid reasons for his discharge are expressed in writing by the Superintendent of Schools. Castille v. Evangeline Parish School Board, 304 So.2d 701 (La.App.3d Cir. 1974). On the other hand, a permanent teacher, one who enjoys tenure, can be discharged only for the specific reasons and under the procedures prescribed by R.S. 17:443(A), supra.
On the face of the record, it appears that, if the Teacher Tenure Law applies to coaches, plaintiff's removal from his coaching responsibilities was not legally accomplished. The hearing given plaintiff by the School Board falls far short of meeting the standards set by R.S. 17:443(A), so that, if plaintiff is tenured as a coach, his removal from that position is not legal. Nor was his removal legal if he does not enjoy tenure. The record does not contain a written recommendation from the Superintendent to the School Board, expressing valid reasons for his dismissal, as required by R.S. 17:442.
The School Board seems to be arguing that, since coaches are not certified, they do not enjoy the protection of the Teacher Tenure Law regardless of length of service or ability. From the record as presently constituted, we learn that a coach has regular teaching duties in addition to his duty as a coach. There is testimony that he must be the holder of a teacher's certificate. A coach receives a higher salary than a teacher of the same class who is not a coach. Plaintiff in this case taught and coached at Live Oak for more than three years, and was tenured as a teacher. R.S. 17:441, supra, defines a teacher as "Any employee... who holds a teacher's certificate and whose legal employment requires such teacher's certificate."
In Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976), the court said:
"The Louisiana Teacher Tenure Act is designed to protect the job security of teachers and the statute should, therefore, be liberally construed in favor of the class of person intended to be its primary beneficiaries, the tenured employees."
On the basis of the record as presented, we can see no reasonable basis for denying the holder of a coaching position the protection of the Teacher Tenure Act. A coach would appear to fall within the provisions of R.S. 17:441, as an employee who holds a teacher's certificate and whose employment requires such a certificate.
However, it may be that the state has chosen not to regulate those who coach interscholastic extracurricular sports. Unfortunately, we are unable to ascertain whether this assertion is true. No statute of this state purports to regulate high school athletics or coaches. The rules and regulations of the Department of Education are presently not available through the Department of State Register, and we are therefore unable to take judicial cognizance thereof. R.S. 49:956(3). Neither party to *1243 the case chose to place these rules and regulations in evidence. We do not know the legal basis, if any, for the factual assertion made herein that a coach must be the holder of a teacher's certificate.
Under those circumstances, and considering the importance of the question presented, we think the interests of justice will best be served by remanding the case to the trial court for a new trial, at which the parties may offer such additional evidence as is necessary to complete the record, and for a decision based thereon.
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings in accordance with this opinion, and according to law. The parties shall share equally the costs of this appeal, and all other costs shall await final determination hereof on the merits.
REVERSED AND REMANDED.