Don Ray MAUPIN, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. 26 OF OTTAWA COUNTY, Oklahoma, Appellee.

No. 54263.

Supreme Court of Oklahoma.

July 21, 1981.

---

Fagin, Hewett, Mathews & Fagin by Warner E. Lovell, Jr., Oklahoma City, for appellant.

Rosenstein, Fist & Ringold by J. Douglas Mann, Tulsa, for appellee.

HODGES, Justice.

The only question presented on appeal is the interpretation of 70 O.S.Supp.1977 § 6–103.11(B).[1] This statute is a part of the School Code which provides due process hearings to tenured teachers when the School Board decides he/she should be "nonreemployed."[2] Nonreemployment is a statutorily defined word of art which means the nonrenewal of a teacher's contract under which he/she was teaching upon expiration of his/her contract.[3] A tenured teacher has the right to a hearing concerning nonreemployment before a hearing judge who is an attorney selected by the parties from a list of qualified attorneys.[4] The hearing judge is counseled by a person designated by the local board of education and a person designated by the tenured teacher in his/her consideration of educational issues.[5] These three persons comprise the hearing panel. The hearing panel is required to prepare a written report within thirty days.[6] The hearing panel has the authority under § 6–103.11(B)(1), (2) to 1) order the local board of education to reinstate the tenured teacher with "full employment status and benefits" or 2) to sustain the school board's decision to nonreemploy the teacher.

---

1. It is provided by 70 O.S.Supp.1977 § 6–103.-11(B):

   The report shall contain an outline of the scope of the hearing, findings of fact and conclusions of law and shall direct either of the following:
   1. That the local board of education reinstate the tenured teacher with full employment status and benefits; or
   2. That the decision of the local board of education for the dismissal or nonreemployment of the tenured teacher be sustained.

2. See 70 O.S.Supp.1977 § 6–103.4 for the nonreemployment procedure.

3. See 70 O.S.Supp.1977 § 6–102.1(3).

4. See 70 O.S.Supp.1977 § 6–103.5.

5. See 70 O.S.Supp.1977 § 6–103.6.

6. See 70 O.S.Supp.1977 § 6–103.11 (Extensions are provided for).

In this case, the tenured teacher, Don Maupin, appellant, was reinstated by the hearing panel to his teaching position at the Afton Public Schools. The panel did not reinstate him to his coaching duties,[7] and he sought relief in district court.

Maupin's contract, under which he was nonreemployed, provided for his employment as a classroom teacher and coach at an annual salary of $13,821.00 ($2,034.00 of which was for performance of his coaching activities). It was his contention before the district court and before this Court on appeal that he was entitled to be compensated at the same rate (plus any increments mandated by Legislative increases) for the year he was reinstated because: 1) 70 O.S. Supp.1977 § 6–102.1(3) means the renewal of a teacher's contract under which he was teaching upon expiration of the contract and 2) mandates reinstatement with full

employment status and benefits. It is conceded by the teacher that he would not be entitled to compensation for coaching in future years unless he actually contracted for and performed coaching duties. However, he asserts that the refusal to reinstate him to his coaching position results in a failure to provide full employment status and benefits. The district court held that full employment status and benefits applied only to primary teaching duties and benefits incidental thereto and that it was inapplicable to supplemental duties. We agree.

## I

In Oklahoma, teachers contracts are automatically renewed on a continuing basis unless the Board or the teacher acts to prevent the automatic renewal of employment.[8] The contract for the ensuing year is

---

**7.** The Hearing Panel reached the following findings of fact and conclusions of law:

The following is a summary of the evidence presented by the Afton Board in support of their decision to not renew the contract of the tenured teacher for "incompetence" and "gross neglect of duty."

1. The teacher failed to attend a vo-tech school to receive bus driving training so that he could drive to various sports events.

2. All coaches were instructed to lock the school building at night in the event they were there after the janitorial people left. On several occasions the superintendent found the school building open when he arrived in the morning.

3. Around the spring of 1976, the parents of Ruth Moss called concerning a letter they received from Donald Maupin which stated their daughter lacked motivation in sports.

4. Two or three years ago a Mary Sturgess called the school requesting that Donald Maupin's contract not be renewed.

5. The superintendent's daughter, while a sophomore (three to four years ago), was not mentioned at a sports honors banquet.

6. The superintendent's daughter, while a senior, did not receive the award for the "most outstanding female athlete of the year."

7. Miscellaneous complaints were received by the superintendent during the years 1974–1977.

8. In 1976, five or six complaints were received concerning a test Donald Maupin had given.

9. There was a dispute between the Allison/Barger families during the 1976 track season.

10. Donald Maupin used the gym for track practice during the 1977–1978 season when weather was prohibitive and scratched the gym floor with the hurdles.

The Town of Afton is approximately 1,200 and is a typical small town with the usual small town problems.

The superintendent does not feel Donald Maupin is an incompetent classroom teacher.

CONCLUSIONS OF LAW

The Hearing Judge and the Hearing Panel members, feeling that the Board of Education had presented all their evidence, unanimously concluded that there was no evidence to show that Donald Maupin was incompetent or that he had grossly neglected any duties, and ordered that Donald Maupin be reinstated with full employment status and benefits.

**8.** It is provided by 70 O.S. 1971 § 6–101(E):

A board of education shall have authority to enter into written contracts with teachers for the ensuing fiscal year prior to the beginning of such year. If, prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified him in writing by registered or certified mail that he will not be employed for the ensuing fiscal year, and if, by April 25, such teacher has not notified the board of education in writing by registered or certified mail that he does not desire to be reemployed in such school district for the ensuing year, such teacher shall be considered as employed on a continuing contract basis and on the same salary schedule used for other teachers in the school district for the ensuing fiscal year, and such employment and continuing contract shall be binding on the

not subject to the requirement that it contain identical terms as those found in the preceding year's contract. It is only necessary that the teacher receive a contract on the same salary schedule as other teachers in the district receive for the ensuing year. Teachers do not acquire the right to be employed in any particular position, rather the right of a tenured teacher is to continuing employment. Subject to the statutory boundaries, the Board may assign teachers within the school system as they desire.[9] Although 70 O.S. 1971 § 6–101(B) prohibits assignment of a teacher to teach a subject in which the teacher does not hold a valid certificate, no certification is necessary for extra-duty assignments such as coaching.

Most jurisdictions which have considered the principal duty of teaching and supplemental activities have determined that extra-duty assignments are too far removed from the primary teaching responsibilities of tenured teachers to be protected under the statute. Although none of the jurisdictions which considered the questions have a statute identical to Oklahoma's, we find the reasoning to be valid. A teacher may be an excellent teacher, but a poor glee club director, coach, or 4-H club advisor. Neither the school system nor the student should suffer from possible shortcomings in the extracurricular areas when the teacher's talents can be more suitably directed in another area. Nor should a fine academician suffer because he/she is poorly suited to certain extracurricular assignments.

We are particularly persuaded by *Kirk v. Miller*, 83 Wash.2d 777, 522 P.2d 843 (1974) which held there was not a sufficient nexus between the primary contractual duty of teaching, which requires certification, and coaching, which does not, to justify the conclusion that a contract which separately stated the curricular and extracurricular assignments vests the teacher with the right

to coach; and *Chiodo v. Board of Education of Special Sch. Dist. No. 1*, 298 Minn. 380, 215 N.W.2d 806 (1974) in which the Minnesota Supreme Court determined that a coach is not a teacher under its statute and had no rights to a coaching position. We find that the portions of the contract are severable, and that the continuing contract statute is applicable only to curricular assignments.

The parties have stipulated that a reasonable attorney fee for the prevailing party is $2,490.00 which is awarded to appellee, in addition to an attorney fee of $500.00 for prosecution on this appeal.

AFFIRMED.

IRWIN, C.J., BARNES, V.C.J., and WILLIAMS, LAVENDER, SIMMS and OPALA, JJ., concur.

DOOLIN and HARGRAVE, JJ., concurring in part and dissenting in part.

DOOLIN, Justice, concurring in part, dissenting in part:

Although I concur with the majority that a tenured teacher has *no* right to reinstatement to a *specific* teaching position within the system and agree the Board may assign him whatever duties it deems appropriate, I must take exception with the majority's decision to reduce his salary.

The statute (70 O.S.1977 Supp. § 6–103.-11[B]) is clear on its face: the board shall reinstate the teacher with "*full* employment status and benefits." "Full" means highest state, point or degree; the utmost extent; the complete measure. [*McCrary v. McCrary*, 230 S.W. 187, 207 (Tex.Civ.App. 1977)]. When you reduce a man's salary by $2,034.00 it is impossible to say you have reinstated him with "*full* employment status and benefits."

teacher and on the school district. Provided that no district or any member of the board of education of a district shall be liable for the payment of compensation to a teacher under the provisions of the teacher's contract for the ensuing year, if it becomes necessary to close the school because of insufficient attendance, disorganization, annexation, consolidation, or by dispensing with the school according to law, provided, such cause is known or action is taken prior to July 1 of such ensuing year.

9. See 70 O.S. 1971 §§ 1–116, 6–101(B), 6–107 and 6–108 for limitations of assignment.

I am authorized to state that Justice HARGRAVE supports this dissenting position.