444 So.2d 219 (1983)
David A. TATE
v.
LIVINGSTON PARISH SCHOOL BOARD.
No. 83 CA 0297.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Writ Denied March 9, 1984.
*220 Robert C. Funderburk, Jr., Baton Rouge, for plaintiff.
J. Donald Cascio, Denham Springs, for defendant.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
This matter was previously before us on appeal[1] by the school board from a judgment in favor of plaintiff, David A. Tate, ordering the school board to "grant unto the Plaintiff a due process hearing prior to the termination of, or failure to renew, Plaintiff's contract as Coach at Live Oak High School." The school board was further ordered to restore to plaintiff all benefits of employment as coach, including salary, from June 2, 1977, until such time as the hearing was held. The judgment further specified that the school board was not compelled to hire Tate as a coach pending the hearing. We reversed and set aside the judgment in favor of the plaintiff and remanded the case to the trial court for a new trial.[2]
The new trial was held on May 10, 1982, and judgment was rendered and signed on September 9, 1982, against David A. Tate "to the extent that he is found to be not tenured as a coach and judgment to that extent in favor of the Livingston Parish School Board." Tate has devolutively appealed the judgment. We affirm.
On appeal, the appellant first specifies as error that the trial court erred in determining that Tate did not enjoy tenure rights as "a coach of interscholastic sports" at the particular high school where he had coached.
David A. Tate was employed as a teacher and a coach of basketball and baseball at Live Oak High School in Livingston Parish, where he had served in both capacities for over six years. For the school year of 1977-78, plaintiff was given a teaching contract, but was not given a coaching contract. Admittedly, plaintiff has not been denied his position as teacher; he has been denied his position as coach. Thus, the primary issue before this Court is whether the position of "coach" is tenured under LSA-R.S. 17:441 et seq.
LSA-R.S. 17:441 defines "teacher" as follows:
(1) Any employee of any parish or city school board who holds a teacher's certificate and whose legal employment requires such teacher's certificate.

*221 (2) Any school lunch supervisor employed by a parish or city school board who holds a special parish school lunch supervisor's certificate issued by the department of education of the state of Louisiana and whose employment requires such certificate.
It is clear from a reading of LSA-R.S. 17:441 et seq. that the Teacher Tenure Act was designed to protect classroom teachers and administrators and supervisors in the teaching profession. Further protection was expressly extended to lunch supervisory personnel holding special certificates. No specific inclusion of coaches of interscholastic extracurricular sports is made in the protective statute.
While athletic coaches must also be certified teachers of substantive school courses at the several instructional levels, they are not required by law to be certified as "coaches." As we see it, a teacher who is also employed as a coach by a school board has two sets of rights, e.g., (1) his position as a "teacher" is protected by tenure (if he has acquired tenure status); and, (2) his position as "coach" is protected by the contract he has to perform coaching duties, but not by tenure. Coaching duties are separate and distinct from regular teaching or instructional duties.
In areas which have been established for certification, a teacher can only teach in the area in which he has been certified, for example, a teacher certified in science cannot teach English. Therefore, an English teacher would have to be certified in English, a geography or history teacher in social studies, etc., i.e., in order to be able to receive a certificate to teach in any area, a person must be certified in that field. The State Board of Education has provided areas of certification in a specific bulletin. The fields that can be certified are enumerated in that bulletin. Some of the areas in which teachers may be certified are guidance counsellors, librarians, supervisors of instruction, drivers license instructors, speech therapists, principals, school superintendents, reading specialists, parish or city school board supervisors, divisions of special education and psychologists. Absent from the list of areas in which a teacher can become certified is that of coach, and at no time have coaches been certified in this state.
We thus hold that plaintiff's contract as coach could be terminated or not renewed without compliance with the teachers' tenure statute. The tenure statute does not accord tenure to coaches. A high school athletic coach is not a "teacher" within the meaning of the Teacher Tenure Act. Although we found no appellate decisions in this state ruling directly on this issue, there are several decisions from other states denying tenure to coaches as such. While such decisions are not controlling and can be distinguished on their facts, or on differences in the tenure acts or certification requirements, they are significant in their unanimity in denying tenure to coaches. See Annot., Who Is "Teacher" For Purposes of Tenure Statute, 94 A.L. R.3d 141, 158; and see, e.g., Stang v. Independent School District No. 191, 256 N.W.2d 82 (Minn.1977).[3]
For the foregoing reasons, we also find that there is no merit to appellant's argument that he was "wrongfully terminated in violation of due process." Tate was not terminated or discharged from his position as coach. The term of his contract expired. His contract was not renewed. Hence it was unnecessary for the school board to provide a due process hearing under the circumstances of this case.
Accordingly, we affirm the judgment of the trial court at appellant's costs.
AFFIRMED.
NOTES
[1] The school board appealed suspensively. Plaintiff neither appealed nor answered the appeal.
[2] 391 So.2d 1240 (La.App. 1st Cir.1980).
[3] Most jurisdictions which have considered the principal duty of teaching and supplemental or extra-curricular assignments have determined that extra-duty assignments are too far removed from the primary teaching responsibilities of teachers to be protected under the tenure statute. See, e.g., Maupin v. Independent School District No. 26 of Ottawa County, 632 P.2d 396 (Okl.1981), and the cases cited therein.