In the Matter of the Termination of the Coaching Contract of James HAHN by Independent School District No. 378, Dawson, Minnesota.

No. C4–85–2109.

Court of Appeals of Minnesota.

May 13, 1986.

Donald W. Selzer, Jr., Scott C. Pfifer, St. Paul, for relator employee.

John M. Roszak, St. Paul, for respondent school dist.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a school board decision not to renew relator's basketball coaching contract. We affirm.

## FACTS

Relator James Hahn is a tenured teacher employed by Independent School District No. 378, Dawson. For the past 10 years, including the 1984–85 school year, Hahn was head girls' basketball coach for Dawson High School. His coaching duties were based on successive one-year contracts.

The last contract was for the 1984–85 school year. The agreement dated May 15, 1984 provides:

3. In addition, you have been assigned the following extra assignment(s) * * * for the 1984–85 school year:

Head girls' basketball coach $2,240.00. The 1984–85 school year ran from August 23, 1984 through May 29, 1985. The girls' basketball season began November 20, 1984 and ended March 16, 1985.

On May 14, 1985, the school board voted not to include the basketball coaching job in Hahn's 1985–86 teaching contract. On May 15, 1985, he was notified of the action by letter, which stated:

This is to further notify you formally, that the school board passed the motion which, in effect, instructs me as School Superintendent, not to assign you to girl's basketball coach for the 85–86 school year. Please feel free to confirm with me regarding any of the above.

Hahn then requested a school board hearing. The district agreed to a hearing although it did not believe he had a right to one under Minn.Stat. § 125.121 (1984). At the hearing, Hahn's attorney attempted to question the hearing officer regarding his neutrality. The hearing officer refused to answer questions and denied Hahn's motion for a continuance. The findings recommended the district relieve Hahn of his coaching duties. The school board accepted the hearing officer's recommendation and reaffirmed its decision refusing to renew the coaching contract. The only reason given for non-renewal was that his coaching contract expired. This appeal by writ of certiorari followed.

### ISSUES

1. Is the failure to renew a coach's contract for a subsequent year a "termination of the coaching duties of an employee" within the purview of Minn.Stat. § 125.121 (1984)?

2. Did the school district establish a reason for termination which was true based on substantial and competent evidence in the record?

3. Did the district violate Hahn's due process rights by refusing to permit him to question the hearing examiner to establish bias?

### ANALYSIS

1. Minn.Stat. § 125.121 (1984) provides in part:

Subdivision 1. Before a district terminates the coaching duties of an employee who is required to hold a license as an athletic coach from the state board of education, the district shall notify the employee in writing and state its reason for the proposed termination. Within 14 days of receiving this notification, the employee may request in writing a hearing on the termination before the board. If a hearing is requested, the board shall hold a hearing within 25 days according to the hearing procedures specified in section 125.12, subdivision 9, and the termination shall not be final except upon the order of the board after the hearing.

Subd. 2. Within ten days after the hearing, the board shall issue a written decision regarding the termination. If the board decides to terminate the employee's coaching duties, the decision shall state the reason on which it is based and include findings of fact based upon competent evidence in the record. The board may terminate the employee's duties or not, as it sees fit, for *any reason* which is found to be true based on substantial and competent evidence in the record.

(Emphasis added.)

Relator argues that the school district's decision not to renew his basketball coaching contract constitutes termination and is covered by the hearing provision of Minn. Stat. § 125.121 (1984). He contends that although the district held a hearing it was after the school board had already terminated him.

Respondent school district argues that Minn.Stat. § 125.121 requires a hearing only when a coach is fired or dismissed midseason; that failure to renew a contract is not a termination under the statute.

The hearing officer concluded that relator's contract expired by mutual agreement; hence the school board did not terminate relator's coaching duties, which would

have triggered the notice and hearing provisions of Minn.Stat. § 125.121.

This court has previously held "[w]here the terms of the statute have a plain meaning, that meaning should be followed." *Crow Wing County Social Services v. McDermond*, 363 N.W.2d 97, 99 (Minn.Ct. App.1985) (citations omitted). Further, it is fundamental that courts should engage in statutory construction or interpretation only when the statute is ambiguous. *Waller v. Powers Department Store*, 343 N.W.2d 655, 657 (Minn.1984) (citation omitted).

■ The language of § 125.121, subd. 1, is plain and unambiguous. The legislature has taken steps to provide a certain class of coaches with minimal due process rights when their coaching duties are terminated. A board decision not to offer an employee coaching duties for a subsequent year does not constitute a termination. It is the legislature's prerogative, not that of this court, to broaden the scope of Minn.Stat. § 125.121.

2. Although no hearing was mandated, the school board did notify relator and provided him with a hearing at his request.

The district argued that the contract was not renewed for the reason that it had expired. They also argued that this met the "any reason" standard articulated in the statute. The hearing officer agreed, stating that the school district did not have to renew relator's coaching assignment.

■ The due process requirements of § 125.121 do not rise to the level of those required by Minn.Stat. § 125.12 and Minn. Stat. § 125.17. Section 125.121 requires only that the district notify the employee in writing and state its reason for the proposed termination. The district's May 15 letter notified relator that his contract had not been renewed because of a vote of the school board. This was sufficient notice.

Sections 125.12 and 125.17 allow discharge only based on specific grounds. In contrast, § 125.121 allows termination of coaching duties based on "any reason

which is found to be true based on substantial and competent evidence in the record."

Before the legislature enacted Minn.Stat. § 125.121 in 1978, coaches were not entitled to notice or a hearing even where they were relieved of coaching duties midseason. *See Stang v. Independent School District No. 191*, 256 N.W.2d 82 (Minn. 1977); *Chiodo v. Board of Education*, 298 Minn. 380, 215 N.W.2d 806 (1974). In both *Stang* and *Chiodo*, the court reasoned that a coach was not a teacher within the teacher tenure act and was therefore not afforded its protection.

*Chiodo* sued under the Teacher Tenure Act, Minn.Stat. § 125.17, and *Stang* sued under Minn.Stat. § 125.12, alleging that they had not been given a written notice and hearing prior to the termination as required by Minn.Stat. § 125.12, subd. 8. The supreme court held in both cases that teacher tenure protections were not applicable to the position of basketball coach. However, the court said that if *Stang* were protected by the statute he would be entitled to written notice and an adversary hearing under Minn.Stat. § 125.12, subd. 8. In reaching this decision the supreme court noted that the legislature could have explicitly included coaches in the definition of teacher and had not done so. *Stang*, 256 N.W.2d at 84.

■ Although the legislature addressed the question of coaches' tenure following the *Stang* and *Chiodo* decisions, it did not include coaches under § 125.12 or 125.17. Instead the legislature passed § 125.121, which does not include a just cause standard for coaching termination. The statute states "any reason" as the grounds for severing a coach's duties. The district's proffered reason for non-renewal, because relator's coaching contract expired, meets the "any reason" requirements of Minn. Stat. § 125.121.

3. At the July 22 hearing, relator's counsel attempted to question the hearing officer as to his neutrality stating:

It's our position that the hearing officer has served in such a role in several cases with Mr. Roszak [the school board's counsel], and it's our position that there is some question about the neutrality and impartiality of the hearing officer * * *.

The hearing officer refused to allow relator to question him and denied his motion for a continuance on that basis. Relator argues that the refusal to allow this questioning denied him due process.

Although relator's counsel knew who the hearing officer would be at least a week before the hearing, no objection was raised until the day of the hearing.

To ensure the fairness of termination proceedings, the supreme court has held that absent unusual circumstances, a hearing examiner should be hired in all cases. *Ganyo v. Independent School District No. 832*, 311 N.W.2d 497, 499, n. 2 (Minn.1982) (citations omitted). Moreover, a neutral hearing officer should be appointed. *Pinkney v. Independent School District No. 691*, 366 N.W.2d 362, 365 (Minn.Ct.App. 1985).

Here there was an independent hearing examiner and relator's counsel made no offer of proof showing bias. *See Bates v. Independent School District No. 482, Little Falls*, 379 N.W.2d 239 (Minn.Ct. App.1986). The fact that the school board's attorney had appeared before the hearing officer in previous cases raises no inference of bias. The hearing officer properly denied questioning.

## DECISION

Where a school district decides not to renew a teacher's contract for coaching duties for a subsequent year and does not terminate the duties during the life of the contract, the notice and hearing requirements of Minn.Stat. § 125.121 do not apply. The district properly decided not to renew relator's coaching contract.

Affirmed.