[No. 9791-1-I. Division One. January 24, 1983.]

JOHN G. BREMER, *Appellant,* v. MOUNT VERNON SCHOOL DISTRICT NO. 320, ET AL, *Respondents.*

*Kent Millikan* and *Cogdill, Deno & Millikan*, for appellant.

*Thomas E. Platt* and *Perkins, Coie, Stone, Olsen & Williams*, for respondents.

SCHOLFIELD, J.—John G. Bremer appeals a summary judgment dismissing his appeal to superior court of his reassignment by the Mount Vernon School District from the position of school psychologist to that of special education teacher. We reverse.

Bremer was employed by the Mount Vernon School District (District) as a psychologist during the 1979–80 school

year. On May 13, 1980, Bremer met with assistant superintendent Fred G. Guenther and was notified that he was to be reassigned as a high school special education teacher for the 1980–81 school year. By letter dated May 15, 1980, Guenther confirmed Bremer's reassignment. On May 21, 1980, the Mount Vernon School Board decided to offer Bremer a contract for a teaching position for the 1980–81 school year. The written contract was dated June 10, 1980. His new contract provided the same salary, benefits, and extended contract days Bremer would have received if he had not been reassigned.

On June 13, 1980, Bremer appealed the District's decision to Skagit County Superior Court and sought reinstatement to his position as psychologist.

The District contends, however, that Bremer's appeal was not filed within 30 days of the "decision or order" being appealed from (Guenther's May 13 decision to reassign Bremer), as required by RCW 28A.88.010.[1] The District argues that we therefore lack jurisdiction of the appeal. The contention is without merit.

█ The "decision or order" to which RCW 28A.88.010 and RCW 28A.58.460 refer means a final decision by the board or official charged by statute, rule, or contract with the responsibility for making that decision. *See Neilson v. Vashon Island Sch. Dist. 402*, 87 Wn.2d 955, 558 P.2d 167 (1976). Decisions to "nonrenew" an employee's contract must be in writing. RCW 28A.67.070. A statement by a school official or board outside the formal decisionmaking process—as the May 13 meeting between Guenther and Bremer must be characterized—is not a "decision or order" within the meaning of RCW 28A.58.460 or RCW 28A.88-.010. The District's contention also presumes that Guenther's decision was the relevant final "decision or order." In view of the school board's ultimate responsibility for such determinations, *see* RCW 28A.67.070, RCW 28A.58.460,

---

[1]Appeals alleging failure to renew employee contracts are, however, governed by the 30-day limit provided by RCW 28A.58.460.

this position appears untenable. Nevertheless, it is clear that there was no "decision or order" prior to Bremer's receipt of Guenther's May 15 letter.

Bremer's appeal alleged that his contract had been "non-renewed" and that the District had not complied with the procedures detailed in RCW 28A.67.070. In support of his motion for summary judgment, Bremer submitted an affidavit by a professor of psychology at Western Washington University, who was formerly head of the graduate program in the school of psychology. In pertinent part, the affidavit stated that the District's action was

> one of the most demeaning actions, both personally and professionally, that I have ever heard of being taken against a school psychologist. It is tantamount to a demotion. There is no question that this action would substantially weaken his professional credentials, and is detrimental to his career in terms of his area of interest and career plans.
>
> . . . [T]he two positions of "teacher" and "psychologist" have completely different duties and are under completely different educational categories as established by the Washington State Board of Education under its regulations.
>
> . . .
> . . . [E]ducational qualifications for school psychologists are more stringent than that for special education teachers. . . .
>
> . . .
> . . . [O]nly school psychologists are approved to do certain types of psychological services for school districts. These services are spelled out by state regulation, WAC 180–79–195, . . .:
> (a) intellectual assessment diagnoses and testing;
> (b) behavioral observation and analyses;
> (c) counseling and interviewing;
> (d) program development including individual educational prescriptions for students;
> (e) consultation;
> (f) program evaluation;
> (g) research.
> These duties do not include classroom teaching. The two jobs of teacher and psychologist are not similar nor do

they overlap.

The District's affidavits alleged that there was little difference between the responsibilities, duties, and functions of a special education teacher and those of a psychologist because both deal with children who present special physical, mental or emotional problems.

The trial court granted the District's motion for summary judgment of dismissal and denied Bremer's motion for summary judgment or a preliminary injunction.

Bremer first contends the trial judge should have ordered his reinstatement because of the District's failure to comply with RCW 28A.67.070.

RCW 28A.67.070, the "nonrenewal statute," provides in pertinent part:

> In the event it is determined that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term such employee shall be notified in writing on or before May 15th preceding the commencement of such term of that determination, which notification shall specify the cause or causes for nonrenewal of contract. Such determination of probable cause for certificated employees, other than the superintendent, shall be made by the superintendent. Such notice shall be served upon the employee personally, or by certified or registered mail, or by leaving a copy of the notice at the house of his or her usual abode with some person of suitable age and discretion then resident therein. Every such employee so notified, at his or her request made in writing and filed with the president, chairman or secretary of the board of directors of the district within ten days after receiving such notice, shall be granted opportunity for hearing pursuant to RCW 28A.58.455 to determine whether there is sufficient cause or causes for nonrenewal of contract. If any such notification or opportunity for hearing is not timely given, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his or her employment had actually been renewed by the board of directors for such ensuing term.

The statute does not define "renewed". Both parties contend, however, that the decision in *Barnes v. Seattle Sch. Dist. 1,* 88 Wn.2d 483, 563 P.2d 199 (1977), establishes a definition of "nonrenewed" which supports their respective positions.

In *Barnes,* several administrative personnel were notified on June 4, 1975, that their status was to be changed from that of administrators to that of teachers with an accompanying reduction in salary. The trial court determined that the notices of June 4 were in effect notices of nonrenewal, and were invalid because they were served after the April 15 statutory deadline then in effect. The Supreme Court affirmed the trial court:

> The language of the nonrenewal statute clearly contemplates that an immediate statutory right vests in certificated personnel to demand contracts containing substantially identical terms and conditions upon failure of the district to give timely notice of nonrenewal. The statute clearly does not contemplate the offer of new and different contracts such as were here presented to the respondents. Our interpretation of the statute requires that language to the contrary contained in the opinion of the Court of Appeals in *McCollough v. Cashmere School Dist. 222,* 15 Wn. App. 730, 551 P.2d 1046 (1976), be overruled. The procedure used here did not involve discharge but was instead a procedurally improper effort to nonrenew contracts of the respondents, coupled with an offer to rehire them under different contracts with diminished responsibility and pay.

*Barnes v. Seattle Sch. Dist. 1,* at 488–89. In *McCollough v. Cashmere Sch. Dist. 222,* 15 Wn. App. 730, 551 P.2d 1046 (1976), the Court of Appeals held that contracts were not "nonrenewed" by new contracts increasing the employees' hours of extracurricular duties. The language in *McCollough* which we understand to have been overruled by *Barnes* is the following:

> The continuing contract law does not operate to renew *old* contracts in identical terms after April 15, but creates a preferential right in the teacher to available curricular positions for the following year. The continuing contract

law guarantees an offer of reemployment, but not the exact contractual terms of the offer. To hold otherwise would be to inhibit the district's administrative responsibility to the public by creating in the teacher the right to teach a particular class or at a particular school within the district.

(Footnote omitted.) *McCollough v. Cashmere Sch. Dist. 222, supra* at 734.

The District argues that *Barnes* requires objective evidence of a demotion before the notice and hearing provisions of RCW 28A.67.070 come into play. Such evidence would include severe reductions in pay and removal of employees from supervisory to nonsupervisory teaching positions. Bremer, the District asserts, presented no such objective evidence of demotion.

Bremer argues that *Barnes* requires new contracts to be "substantially identical" to the terms of the previous contract. Bremer's position is that his reassignment from "psychologist" to "teacher" is not a "substantially identical" contract because the reduced responsibilities, professional status, and prestige amount to a demotion.

Reading RCW 28A.67.070 in light of *Barnes,* we conclude that an employee's contract is not "renewed" if he is offered a contract which does not contain terms and conditions "substantially identical" to those afforded by his previous contract. A contract which requires a transfer from supervisory to nonsupervisory responsibilities or imposes a severe pay cut manifestly does not provide "substantially identical" terms and conditions. *Barnes v. Seattle Sch. Dist. 1, supra.* A contract for a new position requiring materially different skills (which may be evidenced by its experience or training requirements) or entailing materially diminished or different kinds or levels of responsibility is also not "substantially identical" to the former contract.

The District argues, however, that Bremer's reassignment was specifically permitted by each contract he signed; thus, his reassignment could not constitute "nonrenewal" of his contract. The District relies upon the following contract

language: "The position of said employee shall be that of *Psychologist* with it being understood that said employee shall be subject to assignment, reassignment or transfer by the board of directors of the district". We do not agree with the District's contention.

Construction of a contract requires that, if possible, each part thereof be given some effect. *E.g., Neiffer v. Flaming,* 17 Wn. App. 443, 563 P.2d 1300 (1977). Bremer argues, and we agree, that the quoted language allows the District to assign, reassign, or transfer an employee consistent with the job description set forth in the contract. The parties' designation of a "position" which the employee is to fill should not be rendered a nugatory act, particularly when the following language is not plainly inconsistent with that designation.

Whether Bremer's position as a special education teacher requires materially different skills or entails materially diminished or different kinds of responsibilities is a question of fact. The parties' conflicting affidavits relevant to this question raise a disputed material issue of fact. Accordingly, the summary judgment in favor of the District must be reversed and the case remanded for trial.

DURHAM, A.C.J., and CALLOW, J., concur.

Reconsideration denied March 1, 1983.

Review denied by Supreme Court May 24, 1983.