## WARD v BOARD OF EDUCATION
### (Harrison Twp, Gallia Co)

Ohio Appeals, 4th Dist, Gallia Co.
Decided June 26, 1930

R. M. Switzer, Gallipolis, for Ward.
Henry W. Cherrington, Gallipolis, for Board.

MIDDLETON, PJ.

There are several defenses made to the claim of the plaintiff but it becomes unnecessary to refer to them until the record establishes that the trial court under the evidence must have found that the plaintiff had a valid, subsisting, enforcible contract of employment with the defendant We are persuaded from the undisputed facts in this case that she never had an enforcible contract against the board and that the trial court, acting as a jury, might well have so found in arriving at its judgment in the case.

As before observed, the record of the board shows that the employment of teachers made by it on June 4 had a condition that the teachers then so employed, including the plaintiff, should sign a contract of employment on or before one o'clock P. M. of the first Monday in July following, which was on the second day of said month, and upon their failure so to do the board should consider them "not hired". The contract of the plaintiff was received by her on June 18 and was not returned by her until July 5. This, of course, on her part was not a compliance with the terms under which the contract was to be accepted as understood by the board. It is contended, however, that she had no notice of the condition which required her to sign the contract on or before July 2. That contention may be conceded, but so long as the contract remained in her hands or under her control there was no acceptance on her part and no compliance by her with the terms of her employment, and the most that she may claim under such facts is that the time within which and during which she held the contract was a reasonable time and that she acted with due diligence in signing and returning it to the board. It is a primary rule that a party contracting by mail as she did, when no time limit is made for the acceptance of the contract, shall have a reasonable time, acting therein with due diligence, within which to accept. In **New v. Insurance Co., 131 Am. St. 245, 250,** this rule is well stated as follows:

> "It is true that where an offer is made by mail to employ, in the absence of notice of revocation *** that the writer continues willing to contract down to the time the other party may with due diligence accept the proposition."

See cases cited in **Am. Dig., Cent. Ed., Vol. 11, page 89.**

This rule does not permit the accepting party to sign a contract at his pleasure. It does not give him the unqualified right to hold the contract, as the plaintiff did in this case, for seventeen days, nor does it allow undue delay to determine whether another contract in contemplation might be more advantageous to him if it could be obtained. The evidence in this case may have moved the trial court to find that the delay of the plaintiff was due to her pending application before another board for another school. The evidence at least tends strongly to show that she did not return her contract until the other outstanding application was denied.

In a note to **McClay v. Harvey, 32 Am. Rep. 51,** the rule is thus stated:

"If any undue delay or failure of delivery of the letter of acceptance is caused by the fault of the accepting party there is no contract."

Manifestly the question of whether or not the plaintiff had acted with due diligence was a question for the jury, and also whether the board meeting again on July 2 and then having no return from the contract offered to the plaintiff was justified in revoking its offer and employing another in her place was a question for the jury. If, as we have observed, the trial court reached the conclusion that the plaintiff did not act with due diligence and that under the admitted circumstances of the case the board was not at fault in revoking its offer to employ her, we regard the evidence as sufficient to support such a finding and determination of the rights of the parties. This conclusion on the part of this court makes it unnecessary to consider any of the remaining claims of the parties to this action.

The judgment is affirmed.

Mauck and Blosser, JJ, concur.