[No. 42505. En Banc. May 29, 1974.]

WENDELL KIRK et al., *Appellants*, v. FRED MILLER et al., *Respondents*.

*Witt, Hutchins, Plumb & Wheeler* and *Edwin J. Wheeler,* for appellants.

*Ronald L. Hendry, Prosecuting Attorney,* and *Richard A. Monaghan, Deputy,* for respondents.

HAMILTON, J.—Until the end of the 1972 school year, the defendants, directors of White River School District No. 416, offered to the plaintiffs, certified teachers of the district, a single-form contract that contained provisions for curricular activities and extracurricular activities ("special assignments"), with the extracurricular activities segregated both by description and salary. In April 1972, the

defendants proposed to offer plaintiffs two contracts, one encompassing curricular work and pay, and the other for extracurricular work and pay. The defendants intended that the curricular contract be subject to the continuing contract law, and that the supplementary contract not be so subject under RCW 28A.67.074, which specifically provides for and exempts supplemental contracts from the continuing contract law. The school board does now employ all the plaintiffs; there is no question here of wrongful termination or refusal to renew a contract of a particular teacher.

Plaintiffs sought an alternate writ of mandate or declaratory judgment to either compel the school board to issue them contracts identical to those they had received prior to 1972 (single form), or to declare that the two-form contract impinged upon their rights as teachers under the continuing contract law. The trial court initially issued the alternate writ, but following hearing and presentation of defendants' case, dismissed the plaintiffs' cause of action. The court held that: (1) the continuing contract law was intended to apply only to curricular activities, and (2) the defendant school board was able, under RCW 28A.67.074, to issue supplemental contracts providing for extracurricular activities that were not covered by the continuing contract law.

This case then raises initially a question of statutory construction of the continuing contract law, RCW 28A.67.070, and secondly, a question of statutory interpretation, which is one of first impression, of the interface between the continuing contract law and RCW 28A.67.074.

The pertinent parts of the relevant statutes state as follows:

> All common schools shall give instruction in reading, penmanship, orthography, written and mental arithmetic, geography, English grammar, physiology and hygiene with special reference to the effects of alcoholic stimulants and narcotics on the human system, the history of the United States, and such other studies as may be

prescribed by rule or regulation of the state board of education.

RCW 28A.05.010, Laws of 1969, ch. 71, § 3, p. 218.

No person shall be accounted as a qualified teacher within the meaning of the school law who is not the holder of a valid teacher's certificate or permit issued by lawful authority of this state.

RCW 28A.67.010, Laws of 1969, 1st Ex. Sess., ch. 223, § 28A.67.010, p. 1903.

No teacher, . . . or other certified employee, *holding a position as such with a school district*, . . . shall be employed . . . unless he is the holder of an effective teacher's certificate . . . for the position for which the employee is employed.

. . .

. . . If [notice and opportunity for hearing on cause for nonrenewal] is not timely given by the district, the employee . . . shall be conclusively presumed to have been reemployed . . . for the next ensuing term *upon contractual terms identical* with those which would have prevailed if his employment had actually been renewed . . .

(Italics ours.) RCW 28A.67.070, Laws of 1970, 1st Ex. Sess., ch. 15, § 16, p. 128.

No certificated employee shall be required to perform duties not described in the contract unless a new or supplemental contract is made, except that in an unexpected emergency the board of directors or school district administration may require the employee to perform other reasonable duties on a temporary basis.

No supplemental contract shall be subject to the continuing contract provisions of Titles 28A or 28B.

RCW 28A.67.074, Laws of 1969, 1st Ex. Sess., ch. 283, § 2, p. 2752.

█ We are satisfied that the reference in the continuing contract statute to "holding a position as such" means a teaching or administrative position, since both the statute requiring certification (RCW 28A.67.010) and the continuing contract statute were designed to insure professional

competence at the teaching level and to protect the teacher from arbitrary discharge in his professional or certificated capacity.

The types of special assignments at issue here include such extracurricular activities as coaching athletic competition, leading musical organizations, and advising special interest clubs such as the Future Farmers of America. Since the special assignments aforementioned are not part of the required curriculum under either RCW 28A.05.010 or the regulations issued pursuant to them by the State Board of Education, WAC 180-50-005 through 180-50-070, it would appear that no certification is required for persons holding these positions. In addition an insufficient nexus exists, between the teachers' primary duties as secondary teachers and their special assignments, to justify placing the special assignments into the curriculum as part of the teachers' primary duties. It follows that a teacher's right to hold a special assignment is in no way vested. We hold that the special assignments held by the plaintiffs are "extracurricular activities" and, therefore, not covered by the continuing contract law.

■ Plaintiffs next contend that the continuing contract statute vests in certified employees a right essentially identical to "tenure." They maintain that since the district has chosen for at least a decade to treat these special assignments "as part of the basic contract" and "required" the plaintiffs to perform such activities, the special assignments are, therefore, nonseverable from the teachers' primary duties under the contracts executed during that period of time. We note in passing that tenure statutes change the common-law right of boards of education to contract with teachers, by changing the system from one of tenure by contract ending automatically at the expiration of the contract to one of a permanent tenure period. We emphasize that a continuing contract statute such as ours, providing for automatic renewal of teachers' contracts in the absence of notice, does not establish tenure for teachers. *State ex*

*rel. Mary M. Knight School Dist. 311 v. Wanamaker,* 46 Wn.2d 341, 281 P.2d 846 (1955); 78 C.J.S. *Schools and School Districts* § 180 (1952).

The general relationship then between the school authorities and teachers in the public schools of our state is created by contract and governed by general principles of contract law. 78 C.J.S. *Schools and School Districts* § 183 (1952). As such, we do not find any ambiguity in the school board's 1971-72 contract, since the teachers' primary duties are set out in the body of the contract with their special assignments specially, and separately, provided for in a box on its face. It follows that the special assignments and the stipend therefor constitute a severable portion of that contract.

The next question raised by the plaintiffs is, even assuming the severability of these special assignments, can the school board legally execute a separate contract covering these assignments in subsequent years? This question raises the issue whether RCW 28A.67.074 was intended by the legislature to afford school districts the option to negotiate supplemental contracts with certified employees for extracurricular activities that were not to be subject to the continuing contract law.

It is clear that the continuing contract statute and the supplemental contract statute are *in pari materia* and must be construed together in ascertaining legislative intent and to give each statute meaning, force, and validity. *Olympia State Bank & Trust Co. v. Craft,* 56 Wn.2d 546, 354 P.2d 386 (1960); *Lindsey v. Superior Court,* 33 Wn.2d 94, 204 P.2d 482 (1949). From a reading of the statutes, it appears that the legislature felt a distinction between certified or curricular duties and extracurricular duties. It recognized this distinction by authorizing a school district to utilize a supplemental contract as a means of contracting for the performance of any extracurricular duty or special assignment. Before this time it appears that school districts were authorized only to issue a single-form contract which

was to include both curricular and extracurricular duties. Since we have held that special assignments are not in any event covered under the continuing contract law, and because of the express disclaimer contained in RCW 28A.67.074, we hold that such a supplemental contract covering these assignments will not be governed by the continuing contract provisions of RCW 28A.67.070. Since there is involved here no question of nonrenewal or wrongful termination of a special assignment, we do not feel it appropriate to entertain any question concerning a termination following the execution of such a supplemental contract.

The trial court determination of dismissal is affirmed.

FINLEY, ROSELLINI, HUNTER, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., and JOHNSEN, J. Pro Tem., concur.