[No. 44081. En Banc. April 28, 1977.]

ROBERT L. BARNES, ET AL, *Respondents,* v. SEATTLE SCHOOL DISTRICT NO. 1, ET AL, *Appellants.*

*Foster, Pepper & Riviera* and *Marco J. Magnano, Jr.,* for appellants.

*Skeel, McKelvy, Henke, Evenson & Betts,* by *Jay E. Leipham,* for respondents Barnes, et al.

*LeSourd, Patten, Fleming & Hartung,* by *Leon C. Misterek,* for respondents Weeks, et al.

UTTER, J.—A number of certificated administrative personnel of the Seattle School District received notices on June 4, 1975, of probable cause to adversely affect their teaching contracts for the 1975–76 school year. These notices informed them their status would be changed for the ensuing school term from their present contract status as administrators to that of teachers at severe reductions in salary, and stated this action was required by declining enrollment and an adverse emergency financial situation created by the failure of the 1976 special levy. The district's action was appealed to the Superior Court where these cases were consolidated. That court ruled adversely to the district and held, in ruling upon a motion for partial summary judgment, that the district's financial difficulties did not constitute probable cause to adversely affect the contract status of a certificated employee under the applicable statutes. The trial court reasoned that discharge or adverse

affect in contract status under the statute in question could only be based upon deficiencies in employee performance and not upon economic difficulties peculiar to the district. It further held that the notices of June 4 were "in effect" notices of nonrenewal and, having been served after the April 15 statutory deadline for nonrenewal, were invalid. We affirm the trial court.

The legislature has developed a statutory scheme within which the employment, discharge, and reduction in rank of certificated teachers and administrators must take place. RCW 28A.58.100 empowers school boards to employ teachers for not more than 1 year and to discharge certificated personnel for "sufficient cause." RCW 28A.58.450[1] outlines the procedure to be followed in accomplishing a discharge or other action adversely affecting a certificated employee's contract. Notice of probable cause to take such action may be given at any time. The statutory scheme further provides, in RCW 28A.67.070,[2] that the 1-year contracts

---

[1]Pertinent language of the statute, as applicable to this appeal, reads:

"Every board of directors determining that there is probable cause or causes for a teacher, principal, supervisor, superintendent, or other certificated employee, holding a position as such with the school district, hereinafter referred to as 'employee', to be discharged or otherwise adversely affected in his contract status, shall notify such employee in writing of its decision, which notification shall specify the probable cause or causes for such action. . . . Any decision to discharge or to take other adverse action against such employee shall be based solely upon the cause or causes for discharge specified in the notice of probable cause to the employee and established by a preponderance of the evidence at the hearing to be sufficient cause or causes for discharge or other adverse action against his contract status.

"In the event any such notice or opportunity for hearing is not timely given by the district, or in the event cause for discharge or other adverse action is not established by a preponderance of the evidence at the hearing, such employee shall not be discharged or otherwise adversely affected in his contract status for the causes stated in the original notice for the duration of his or her contract." Laws of 1973, ch. 49, § 1. (Former RCW 28A.58.450.)

[2]Pertinent language of the statute, as applicable to this appeal, reads:

"Every board of directors determining that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term shall notify that employee in writing on or before April 15th preceding the commencement of such term of that determination of

authorized by RCW 28A.58.100 are automatically renewed for the coming year unless notice of probable cause for nonrenewal is served upon the employee prior to April 15 of the current contract year[3] and it is thereafter established, pursuant to specified procedures, that "sufficient cause for nonrenewal" exists.

RCW 28A.58.450 is generally referred to as the discharge statute, while RCW 28A.67.070 has been termed the nonrenewal statute. In commenting on the difference in these two statutes, our court in *Pierce v. Lake Stevens School Dist. 4*, 84 Wn.2d 772, 781, 529 P.2d 810 (1974), noted the discharge statute "provides for the discharge of an employee during the term of his contract, whereas the nonrenewal statute provides for notice, on or before April 15 of the contract year, that the contract will not be renewed for the year beginning the following September."

Respondents were not notified of nonrenewal of their contracts by April 15, and pursuant to the express terms of RCW 28A.67.070 they were conclusively presumed to have been rehired by the district on terms substantially identical to those contained in their 1974–75 contracts. The district contends, however, that this "conclusive presumption" does not preclude the district from taking action to alter these employees' contracts, on the basis of the adverse effect in contract status language contained in RCW 28A.58.450, without regard for the April 15 deadline. They argue the language of the discharge statute, allowing an employee to be discharged or otherwise adversely affected in his contract status on the basis of "sufficient cause" authorizes the

the board of directors, which notification shall specify the cause or causes for nonrenewal of contract. . . .

". . . If any such notification or opportunity for hearing is not timely given by the district, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his employment had actually been renewed by the board of directors for such ensuing term." Laws of 1973, ch. 49, § 2. (Former RCW 28A.67.070.)

[3]The key date has now been changed to May 15, *see* Laws of 1975, 2d Ex. Sess., ch. 114, § 4, p. 399.

timing of the action it took here and that "sufficient cause" for discharge may be based upon the district's severe financial problems.

■ We have held that the term "sufficient cause" in the context of the nonrenewal statute, RCW 28A.67.070, includes adverse financial condition of the district and that such condition may provide grounds for nonrenewal of an employee's contract under that statute. *Hill v. Dayton School Dist. 2*, 85 Wn.2d 204, 532 P.2d 1154 (1975); *Pierce v. Lake Stevens School Dist. 4, supra.* Our decisions indicate, however, that the phrase has a different meaning in the context of the discharge statute.

"Sufficient cause" has been defined with regard to statutory procedures for revocation of a teaching certificate as conduct which would affect the teacher's efficiency. *Browne v. Gear*, 21 Wash. 147, 57 P. 359 (1899). *See Gaylord v. Tacoma School Dist. 10*, 85 Wn.2d 348, 535 P.2d 804 (1975). More recently we have held "sufficient cause" under the discharge statute relates to conduct of a teacher adversely affecting performance. *Gaylord v. Tacoma School Dist. 10*, 88 Wn.2d 286, 559 P.2d 1340 (1977). *See Denton v. South Kitsap School Dist. 402*, 10 Wn. App. 69, 516 P.2d 1080 (1973). The thrust of the inquiry of a school board proceeding under RCW 28A.58.450, although that statute speaks of "probable cause" and "sufficient cause" for "'adverse change in contract status'", is "whether the teacher has so materially breached his promise to teach as to excuse the school district in its promise to employ." *Francisco v. Board of Directors*, 85 Wn.2d 575, 580, 537 P.2d 789 (1975).

There is no indication either in the language of the respective statutes or legislative history that the phrase "sufficient cause" means the same thing in the different contexts in which it is used in these different statutes. RCW 28A.58.450 has been employed in the past in litigation in this state only where a district has removed or otherwise taken action against a teacher whose professional conduct is in some respects substandard. *Noe v. Edmonds*

*School Dist. 15,* 83 Wn.2d 97, 515 P.2d 977 (1973); *State ex rel. Mary M. Knight School Dist. 311 v. Wanamaker,* 46 Wn.2d 341, 281 P.2d 846 (1955); *Hunter v. Board of Directors,* 14 Wn. App. 177, 536 P.2d 1209 (1975); *McAnulty v. Snohomish School Dist. 201,* 9 Wn. App. 834, 515 P.2d 523 (1973); *Roberge v. Hoquiam School Dist. 28,* 5 Wn. App. 564, 490 P.2d 121 (1971). We find no reason to extend the scope of the meaning of that term in this case beyond its previous use.[4]

■ The district's remedy was to proceed under the nonrenewal statute (RCW 28A.67.070) in a timely fashion, which it did not do. Respondents' contracts as administrators were, in fact, not renewed and respondents were not offered a new contract containing substantially identical contractual terms and conditions. The language of the nonrenewal statute clearly contemplates that an immediate statutory right vests in certificated personnel to demand contracts containing substantially identical terms and conditions upon failure of the district to give timely notice of nonrenewal. The statute clearly does not contemplate the offer of new and different contracts such as were here presented to the respondents. Our interpretation of the statute requires that language to the contrary contained in the

---

[4]This conclusion is bolstered by recent amendments to RCW 28A. While these new provisions do not directly affect the outcome of this case, they are strongly suggestive of a legislative intent that, prior to their enactment, transfer of an administrator to a subordinate position at the end of a contract term must be accomplished via nonrenewal rather than discharge procedures. RCW 28A.67.073 (Laws of 1975, 2d Ex. Sess., ch. 114, § 9, effective June 25, 1976) provides the exclusive procedure hereafter to be utilized in taking action such as that attempted by the district here. It provides for a procedure substantially similar to that used for nonrenewal. An administrator who is to be transferred to a subordinate certificated position in the coming contract year must be served with notice to that effect on or before May 15 (the same date now applicable to notices of nonrenewal, *see* Laws of 1975, 2d Ex. Sess., ch. 114, § 4).

In addition, RCW 28A.58.450 was amended effective June 25, 1976, to include the following language: "Transfer to a subordinate certificated position as that procedure is set forth in RCW 28A.67.073 shall not be construed as a discharge or other adverse action against contract status for the purposes of this section." *See* Laws of 1975, 2d Ex. Sess., ch. 114, § 2.

opinion of the Court of Appeals in *McCollough v. Cashmere School Dist. 222,* 15 Wn. App. 730, 551 P.2d 1046 (1976), be overruled. The procedure used here did not involve discharge but was instead a procedurally improper effort to nonrenew contracts of the respondents, coupled with an offer to rehire them under different contracts with diminished responsibility and pay. This was at best an offer on the part of the district to modify the terms of the contract rights already conclusively presumed to have vested under statute which offer was not, and need not have been, accepted by respondents.

▉ Finally, the district argues on appeal that it was financially impossible for them to respect respondents' contracts. This theory was not presented to the trial court and will not be considered on appeal. *Fuqua v. Fuqua,* 88 Wn.2d 100, 558 P.2d 801 (1977). There was, however, no evidence in the record to suggest the district's action was motivated by newly discovered facts. Such evidence would be necessary to sustain a defense of impossibility in those jurisdictions which have allowed that defense. *Porcelli v. Titus,* 108 N.J. Super. 301, 261 A.2d 364 (1969). The appellant was required by order of the trial court to include a line item appropriation in its final budget for the 1975–76 school year sufficient to pay the judgments in this case. The district did not contend below that it would be impossible to do so.

Counsel for respondents are entitled to a reasonable attorneys' fee under the provisions of RCW 28A.58.490.[5] Respondents have prevailed on appeal and the challenged notice was issued on insufficient legal grounds. The amount of the fee will be set by the Superior Court on remand.

---

[5]"If the court enters judgment for the employee, and if the court finds that the probable cause determination was made in bad faith or upon insufficient legal grounds, the court in its discretion may award to the employee a reasonable attorney's fee for the preparation and trial of his appeal, together with his taxable costs in the superior court. If the court enters judgment for the employee, in addition to ordering the school board to reinstate or issue a new contract to the employee, the court may award damages for loss of compensation incurred by the employee by reason of the action of the school district." RCW 28A.58.490.

490

Judgment is affirmed and the case remanded for trial on the issues not disposed of in this appeal. .

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.