[No. 2326–3.   Division Three.   July 6, 1978.]

BRADLEY T. CORCORAN, *Appellant*, v. LYLE SCHOOL
DISTRICT NO. 406, *Respondent.*

*Boettcher, LaLonde, Kleweno, Dunn, Ladley, Witteman,
Schreiber & Kelly* and *James D. Ladley,* for appellant.

*Lyon, Beaulaurier, Aaron, Weigand & Suko, Lonny R.
Suko,* and *J. Eric Gustafson,* for respondent.

McINTURFF, J.—Bradley T. Corcoran appeals from the
dismissal of his action against the Lyle School District for
its failure to accept his employment contract for the 1976–
77 school year.

A certified teacher, Mr. Corcoran received an unsigned copy of the proposed employment contract on June 4, 1976. It provided:

> If this contract is not signed by said employee and returned to the Secretary of the school district on or before June 14, 1976, the Board reserves the right to withdraw this offer.

In addition, the superintendent of schools personally called to Mr. Corcoran's attention the time provision within the contract. At that time Mr. Corcoran informed him he was considering other employment.

In any event, Mr. Corcoran did not return the contract with his signature until June 16. Two days later he received a letter from the superintendent stating the school board had decided not to accept contracts returned after the June 14 deadline and that Mr. Corcoran would not be rehired for the forthcoming school year.

On June 24 Mr. Corcoran served a notice of appeal on the school board, requesting a hearing pursuant to RCW 28A.58.450.[1] Two weeks later Mr. Corcoran was advised in the second letter from the superintendent that the school board had granted his request for a hearing but, due to a clerical error, the board's response had been mailed to an incorrect address. The superintendent offered a second "courtesy" hearing, but Mr. Corcoran declined. Instead, he filed an appeal in superior court pursuant to RCW 28A.58.460.[2]

---

[1]RCW 28A.58.450 states in pertinent part:

"In the event it is determined that there is probable cause or causes for a teacher . . . to be discharged or otherwise adversely affected in his or her contract status, such employee shall be notified in writing of that decision, . . . Every such employee so notified, at his or her request made in writing and filed with the president, chairman of the board or secretary of the board of directors of the district within ten days after receiving such notice, shall be granted opportunity for a hearing . . . to determine whether or not there is sufficient cause or causes for his or her discharge or other adverse action against his contract status."

[2]RCW 28A.58.460 states:

"Any teacher, . . . desiring to appeal from any action or failure to act upon the part of a school board relating to the discharge or other action adversely affecting

Both parties moved for summary judgment. Reasoning that the common law governed the contractual relationship between Mr. Corcoran and the school district, the court concluded that when the contract was not accepted by Mr. Corcoran by June 14 this constituted a rejection of the school district's offer. Judgment was entered for the school district, and the court refused to award Mr. Corcoran attorney's fees. He appeals both portions of the judgment.

The first issue is whether a teacher who fails to timely sign and return his employment contract for the ensuing school year is entitled to the due process protections of statutes concerning teachers' employment. Under RCW 28A.58.450 a hearing is required when the school board determines there is probable cause for a teacher to be discharged or "otherwise adversely affected in his contract status." RCW 28A.67.070, the continuing contract law, requires a hearing when the school board determines not to renew a teacher's contract for the forthcoming school year.

██ Neither statute is applicable to Mr. Corcoran. The continuing contract law vests in certified teachers only an immediate statutory right "to demand contracts containing substantially identical terms and conditions upon failure of the district to give timely notice of nonrenewal." *Barnes v. Seattle School Dist. 1,* 88 Wn.2d 483, 488, 563 P.2d 199 (1977). *Cf. McCollough v. Cashmere School Dist. 222,* 15 Wn. App. 730, 734, 551 P.2d 1046 (1976). Here the school board offered to Mr. Corcoran the contract he had a right to demand under RCW 28A.67.070.

Beyond the statutory rights contained in the continuing contract law, the relationship between the school district and its employees is a contractual one governed by general principles of law. *Kirk v. Miller,* 83 Wn.2d 777, 522 P.2d 843 (1974). It is well settled that an offeror may require

his contract status, or failure to renew that employee's contract for the next ensuing term, within thirty days after his or her receipt of such decision or order, may serve upon the chairman of the school board and file with the clerk of the superior court in the county in which the school district is located a notice of appeal which shall set forth also in a clear and concise manner the errors complained of."

acceptance within a specified reasonable time and that failure of the offeree to so accept constitutes a rejection of the offer.[3] By his failure to timely return the contract in the face of express written and personal notice that such conduct could result in the school board's rejection of its offer, Mr. Corcoran effectively waived his continuing contract rights.[4]

While certified teachers who have not been given notice of nonretention are entitled to contracts containing terms and conditions substantially identical to those of the previous year, they may not desire such employment. If they fail to accept or reject those contracts within a reasonable time, school districts should be released from their obligations to rehire them under their former contracts. Unless a reasonable contract–return deadline is established and enforced, school districts, as a practical matter, may not know until classes begin how many of their retained teachers will return to the classroom each fall.

Mr. Corcoran does not contend the 10–day contractual limit was unreasonable, nor has he alleged any circumstances which would have prevented him from returning his signed contract within the time established. Therefore, we need not determine the reasonableness of the 10–day return provision.

Since by his own conduct Mr. Corcoran foreclosed the potential contractual relationship between himself and the school district, RCW 28A.58.450 is inapplicable. Under these circumstances there was no contractual status to be

---

[3]*See, e.g., State ex rel. Philips v. Hall,* 6 Wn.2d 531, 108 P.2d 339 (1940); *Wax v. Northwest Seed Co.,* 189 Wash. 212, 64 P.2d 513 (1937); 17 Am. Jur. 2d *Contracts* § 56 (1964).

[4]*Swick v. Seward School Bd.,* 379 P.2d 97, 99–102 (Alas. 1963). *See also Redman v. Department of Educ.,* 519 P.2d 760, 764–65 (Alas. 1974); *Ward v. Board of Educ.,* 36 Ohio App. 557, 173 N.E. 634 (1930); 1973 Attorney General Opinion 3 (1973).

"adversely affected" by the school board.[5] Therefore, the Superior Court correctly granted summary judgment to the Lyle School District.

Nonetheless, Mr. Corcoran contends the court erred in failing to award him attorney's fees under RCW 28A.58.490. At one time that statute provided, "The court in its discretion may award to an employee a reasonable attorney's fee for the preparation and trial of his appeal, together with his taxable costs in the superior court." It was amended, effective June 24, 1976, to read:

> If the court enters judgment for the employee, and if the court finds that the probable cause determination was made in bad faith or upon insufficient legal grounds, the court in its discretion may award to the employee a reasonable attorney's fee for the preparation and trial of his appeal, together with his taxable costs in the superior court.

Although the parties have argued at length over which of the statutes applies to Mr. Corcoran's appeal action, we need not reach that question because it is clear, in any event, that an award of attorney's fees lies within the trial court's discretion.

Here the court said:

> [T]he court is disinclined to award attorney's fees in this case, if discretionary, since the lawsuit was a result of plaintiff's failure to accept the offer within the time prescribed by the offer.

Mr. Corcoran does not allege, nor do we find, an abuse of the court's discretion. Under those circumstances, we find no error.

---

[5]*Swick v. Seward School Bd.*, 379 P.2d 97 (Alas. 1963). Indeed, the words of the statute contemplate a mid–term discharge or contractual problem. *See Barnes v. Seattle School Dist. 1*, 88 Wn.2d 483, 563 P.2d 199 (1977). As the court noted in *Foster v. Carson School Dist. 301*, 63 Wn.2d 29, 31, 385 P.2d 367 (1963):

> The statute expressly provides that if notice of probable cause and an opportunity for hearing is not timely given, a teacher shall not be discharged for the *duration* of his or her contract.

Judgment of the Superior Court is affirmed.

GREEN and ROE, JJ., concur.