[No. 51162–4. En Banc. September 12, 1985.]

ISSAQUAH EDUCATION ASSOCIATION, ET AL, *Appellants,* v. ISSAQUAH SCHOOL DISTRICT NO. 411, ET AL, *Respondents.*

*Cogdill, Deno, Millikan & Carter,* by *Kent Millikan* and

*W. Mitchell Cogdill,* for appellants.

*Schweppe, Krug & Tausend, P.S.,* by *Judith B. Stouder* and *Michele A. Gammer,* for respondents.

DORE, J.—This appeal of two consolidated causes of action is brought as a class action on behalf of the plaintiffs and all similarly situated members of the bargaining unit of the Issaquah Education Association. Their employer, Issaquah School District 411, uses "supplemental contracts" to compensate some of its certificated employees for extended day duties performed beyond the basic contract year. Employees contend this practice violates the continuing contract statute, RCW 28A.67.070. The trial court granted summary judgment of dismissal in favor of the School District. We affirm.

## FACTS

Issaquah School District 411 issues a "basic contract" to cover work done within the time frame of the "basic school year", a period of approximately 182 days. The District also issues an "extended days supplemental contract", which is used to provide extra compensation. These extended days contracts are used to compensate certificated employees who performed, as part of their professional duties, the additional tasks incident to being a department head. They are also used to compensate educational specialists such as special education teachers, counselors and librarians who work additional days at the beginning, during or at the end of the basic contract school year.

Examples of these duties under supplemental contracts in the case of a department head include coordinating instruction within a department, serving as liaison between department teaching staff and the building principal, assisting in planning and administering the department budget, planning and conducting department meetings with certificated staff, and assisting in scheduling the department staff.

Because the combination of regular and extended days

duties requires more time to perform than the basic contract school year of 182 days, the School District uses supplemental employment contracts to, in effect, lengthen the school year and the total days of service required for these employees.

The School District has continually followed the practice of issuing supplemental contracts and has never regarded such supplemental contracts as being subject to the continuing contract law. Issuance, modification, or failure to issue supplemental contracts leaves the basic contracts intact and unaffected. This practice has never impaired or in any way adversely affected the basic 182–day employment contracts of the District's certificated employees.

The practice of issuing supplemental contracts for extended days differs among school districts. While some districts follow the practice of Issaquah School District 411, others include extended days in the employee's basic contract and treat them as subject to the continuing contract statute.

At the beginning of the 1981–82 school year, the Issaquah School District notified the plaintiffs and other affected certificated employees that, because of budgetary considerations, they were going to reduce by one–half the number of extended days, and the compensation therefor, for that current school year, as compared with the previous 1980–81 school year. This reduction in the extended days contracts was accomplished by issuing supplemental contracts after the beginning of that school year, without first complying with the procedure under the continuing contract statute, RCW 28A.67.070. That statute requires, among other things, notice of probable cause for any change in contract terms for the ensuing year, which notice must be delivered prior to May 15 of the preceding school year.

After receiving such notice, plaintiffs filed a complaint in King County Superior Court challenging this reduction in extended days as a violation of RCW 28A.67.070. Subsequently, during that school year, the School District restored the additional extended days of compensation for

those certificated employees which they had previously reduced. The School District repeated the same practice for the ensuing 1982–83 school year by again treating these extended days contracts as noncontinuing, and issuing new supplemental employment contracts. This action again reduced the number of extended days and compensation for plaintiffs. A second complaint was filed in King County Superior Court, again seeking to determine whether this practice is illegal.

Plaintiffs moved for partial summary judgment on both complaints. In response, the District also moved for partial summary judgment of dismissal on behalf of the School District.

The trial court granted summary judgment of dismissal, finding that the School District was "entitled to judgment as a matter of law that the extended day supplemental contracts are exempt from the continuing contract law. . . ." Plaintiffs appeal.

## ISSUE

Whether the School District's use of supplemental employment contracts to compensate certificated employees for extended days duties performed beyond the basic contract school year violates the continuing contract statute, RCW 28A.67.070.

## DECISION

The Legislature has developed a statutory scheme within which the employment, discharge, and reduction in rank of certificated teachers and administrators must take place. RCW 28A.58.099 empowers school boards to employ teachers for not more than 1 year. The statutory scheme further provides, in RCW 28A.67.070, that the 1-year contracts authorized by RCW 28A.58.099 are automatically renewed for the coming year unless notice of probable cause for nonrenewal is served upon the employee prior to May 15 of the current contract year and it is thereafter established, pursuant to specified procedures, that sufficient cause for nonrenewal exists. *See Barnes v. Seattle Sch. Dist. 1,* 88

Wn.2d 483, 563 P.2d 199 (1977). The pertinent portions of the continuing contract statute, RCW 28A.67.070, provide as follows:

> No teacher, principal, supervisor, superintendent, or other certificated employee, holding a position as such with a school district, . . . shall be employed except by written order of a majority of the directors of the district . . . nor unless he is the holder of an effective teacher's certificate or other certificate required by law . . .
>
> The board shall make with each employee employed by it a written contract, which shall be in conformity with the laws of this state, and except as otherwise provided by law, limited to a term of not more than one year. . . .
>
> In the event it is determined that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term such employee shall be notified in writing on or before May 15th preceding the commencement of such term of that determination, which notification shall specify the cause or causes for nonrenewal of contract. . . . Every such employee so notified, at his or her request made in writing . . . shall be granted opportunity for hearing pursuant to RCW 28A.58.455 to determine whether there is sufficient cause or causes for nonrenewal of contract: . . . If any such notification or opportunity for hearing is not timely given, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his or her employment had actually been renewed by the board of directors for such ensuing term.

The language of the continuing contract statute clearly contemplates that, upon failure of the district to give timely notice of nonrenewal, an immediate statutory right vests in certificated personnel to demand contracts containing substantially identical terms and conditions. *Barnes*, at 488. *See also Barendregt v. Walla Walla Sch. Dist. 140*, 87 Wn.2d 154, 550 P.2d 525 (1976); *Corcoran v. Lyle Sch. Dist. 406*, 20 Wn. App. 621, 581 P.2d 185 (1978).

Application of the continuing contract statute is illus-

trated by *Bremer v. Mount Vernon Sch. Dist. 310,* 34 Wn. App. 192, 660 P.2d 274, *review denied,* 99 Wn.2d 1016 (1983). In *Bremer,* plaintiff employee was reassigned from the position of school psychologist to that of special education teacher with the same salary, benefits, and extended days he would have received if he had not been reassigned. The employee appealed the trial court's determination that the School District was not required to comply with the procedures detailed in RCW 28A.67.070 when altering the employee's contract of employment. The Court of Appeals held that whether the reassignment constituted a "nonrenewal" for purposes of RCW 28A.67.070 presented unresolved issues of fact, and reversed the grant of summary judgment and remanded the case for trial. The court reasoned in part as follows:

> Reading RCW 28A.67.070 in light of *Barnes,* we conclude that an employee's contract is not "renewed" if he is offered a contract which does not contain terms and conditions "substantially identical" to those afforded by his previous contract. A contract which requires a transfer from supervisory to nonsupervisory responsibilities or imposes a severe pay cut manifestly does not provide "substantially identical" terms and conditions. *Barnes v. Seattle Sch. Dist. 1,* [88 Wn.2d 483, 563 P.2d 199 (1977)]. A contract for a new position requiring materially different skills (which may be evidenced by its experience or training requirements) or entailing materially diminished or different kinds or levels of responsibility is also not "substantially identical" to the former contract.
>
> . . .
>
> Whether Bremer's position as a special education teacher requires materially different skills or entails materially diminished or different kinds of responsibilities is a question of fact. The parties' conflicting affidavits relevant to this question raise a disputed material issue of fact. Accordingly, the summary judgment in favor of the District must be reversed and the case remanded for trial.

*Bremer,* at 198–99.

It is not disputed in this case that the Issaquah School District failed to comply with the continuing contract stat-

ute, RCW 28A.67.070, when it reduced the extended days contracts in both 1981–82 and again in the 1982–83 school years. The question, then, is whether the extended days supplemental contract duties of these certificated employees are subject to the provisions of the continuing contract statute.

The trial court adopted the position of the School District that the duties and compensation which have been included in the supplemental contracts are excluded from the operation of the continuing contract statute by virtue of RCW 28A.67.074, which provides as follows:

> No certificated employee shall be required to perform duties not described in the contract unless a new or supplemental contract is made, except that in an unexpected emergency the board of directors or school district administration may require the employee to perform other reasonable duties on a temporary basis.
>
> No supplemental contract shall be subject to the continuing contract provisions of Titles 28A or 28B RCW.

In short, this section provides that if an employee is required to perform duties beyond those duties stated in the basic contract, then a district must issue that employee a new or supplemental contract. If it does so, the supplemental contract is specifically *exempted* from coverage of the continuing contract provisions.

The certificated employees contend that the types of duties and responsibilities which they are required to perform under the extended days supplemental contracts are the same as, a part of, and necessarily incident to their primary curricular duties as described in their basic contracts. Therefore, these duties should be specifically made a part of their basic contract, so that these additional duties and compensation for these extended days are covered and protected by the continuing contract law.

The certificated employees primarily rely on a decision from this court involving the interrelationship between the continuing contract and supplemental contract statutes. In *Kirk v. Miller,* 83 Wn.2d 777, 522 P.2d 843 (1974), the

plaintiffs were certificated teachers who had for years been employed under basic contracts which included provisions for both their regular curricular duties as teachers, and "extracurricular activities" described by the court as follows:

> The types of special assignments at issue here include such extracurricular activities as coaching athletic competition, leading musical organizations, and advising special interest clubs such as the Future Farmers of America.

*Kirk,* at 780. After several years of combining these duties in one basic contract, the school district attempted to offer the plaintiffs two contracts, one basic contract encompassing their curricular work and pay, the other a supplemental contract for their extracurricular work and pay. Plaintiffs brought an action challenging this change in their contract terms because the school district had not followed the nonrenewal procedures of the continuing contract statute. This court held that such extracurricular activities were not covered by the continuing contract law, but were instead excepted from that law under the supplemental contract statute, RCW 28A.67.074. The court's reasoning is instructive in clarifying the difference between the regular and primary curricular duties, on the one hand, and the extracurricular duties of those plaintiffs, on the other:

> We are satisfied that the reference in the continuing contract statute to "holding a position as such" means a teaching or administrative position, since both the statute requiring certification (RCW 28A.67.010) and the continuing contract statute were designed to insure professional competence at the teaching level and to protect the teacher from arbitrary discharge in his professional or certificated capacity.
>
> The types of special assignments at issue here include such extracurricular activities as coaching athletic competition, leading musical organizations, and advising special interest clubs such as the Future Farmers of America. Since the special assignments aforementioned are not part of the required curriculum under either RCW 28A.05.010 or the regulations issued pursuant to

them by the State Board of Education, WAC 180–50–005 through 180–50–070, it would appear that no certification is required for persons holding these positions. In addition an insufficient nexus exists, between the teachers' primary duties as secondary teachers and their special assignments, to justify placing the special assignments into the curriculum as part of the teachers' primary duties. It follows that a teacher's right to hold a special assignment is in no way vested. We hold that the special assignments held by the plaintiffs are "extracurricular activities" and, therefore, not covered by the continuing contract law.

*Kirk,* at 779–80. The factors which this court found significant in delineating the boundary between the activities subject to the continuing contract statute and the supplemental contract statute were whether the activities required certification and whether a sufficient nexus existed between the employees' primary duties and these additional assignments. Thus, in *Kirk* a distinction was recognized by the court to delineate between curricular duties and extracurricular duties:

From a reading of the statutes, it appears that the legislature felt a distinction between certified or curricular duties and extracurricular duties. It recognized this distinction by authorizing a school district to utilize a supplemental contract as a means of contracting for the performance of any extracurricular duty or special assignment.

*Kirk,* at 781. *See also Barendregt v. Walla Walla Sch. Dist. 140,* 87 Wn.2d 154, 158, 550 P.2d 525 (1976).

The certificated employees in the present case argue that the duties covered by the extended days supplemental contracts are curricular in nature and closely related to their primary duties. Therefore, they argue, the continuing contract statute must apply. We disagree.

■ Although the elements of certification and a close nexus may be present in these extended days supplemental contracts, they are not determinative. The *Kirk* decision was necessarily confined to the distinction between basic curricular duties and extracurricular duties, whereas the

present action concerns a delineation between the basic curricular duties of certificated employees during the regular school year and special assignments for duties extending beyond the school year. RCW 28A.67.074 requires that a supplemental contract be issued to a certificated employee if that employee is required to perform duties not described in the basic contract and further specifically exempts all supplemental contracts from being subject to the continuing contract statute, which protects only the basic contract rights of teachers. In this case, the certificated employees' basic 182–day school year contract rights were completely protected and unimpaired. The Legislature intended the procedural protections contained in the continuing contract statute to apply only to nonrenewal of the basic employment contract. A minimum 180–day school year is set by statutes. RCW 28A.01.025; RCW 28A.58.754(5). Local school districts, however, have the authority to determine the length of time over and above 180 days that school shall be maintained. RCW 28A.59.180. Issaquah School District 411 established a 182–day school year in which certificated employees are issued a basic contract.

The School District further extends special assignments to certain certificated employees which require additional duties extending beyond the basic 182–day school year. The supplemental contracts covering the extended days beyond the 182–day school year are used in a flexible manner by the School District, for providing extra compensation for extended days (1) when the School District can afford the additional time spent, (2) when special program positions received supplemental funding, (3) when extra duties were assigned, and (4) when curriculum adjustments were necessary.

## CONCLUSION

We find it appropriate for the School District to use supplemental contracts for assigning duties and compensating certificated employees beyond the basic school year. The continuing contract statute was intended to protect the

certificated employees' basic school year contracts. The use of supplemental contracts for assignments extending beyond the basic school year is desirable; however, they are subject to modification or nonrenewal without compliance with the continuing contract statute.[1]

The School District may lawfully reduce the extended days supplemental contracts under RCW 28A.67.074 without complying with the continuing contract statute.

DOLLIVER, C.J., and PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.

BRACHTENBACH, J. (dissenting)—The majority essentially holds that the continuing contract statute applies only to contracts for regular professional duties performed during the state–mandated 180–day school year. Under the analysis of the majority, so long as a school district executes a separate contract to cover duties to be performed during "extended days" and labels the contract as a supplemental contract, "extended days" duties are not subject to the continuing contract statute. No consideration is given to the relationship between the basic contract duties required of a certificated employee and these "extended days" duties. This analysis ignores the way in which certificated school employees' jobs are structured and undermines the primary purpose of the continuing contract statute. Therefore, I dissent. I would remand for trial, to determine whether the cutbacks in the "extended days" contracts altered the terms and conditions of the certificated employees' basic contracts.

The primary purpose of the continuing contract statute is to provide certificated school employees with notice and other procedural protections if their employment contracts will not be renewed for the following school year. Certificated employees are entitled to notice of any change which

---

[1]RCW 28A.67.074 provides in pertinent part:

"No supplemental contract shall be subject to the continuing contract provisions of Titles 28A or 28B RCW."

results in a contract that is not "substantially identical" to their prior contract. RCW 28A.67.070. *Barnes v. Seattle Sch. Dist. 1*, 88 Wn.2d 483, 488, 563 P.2d 199 (1977). Contracts requiring materially different levels of responsibility are not "substantially identical". *Bremer v. Mount Vernon Sch. Dist. 320*, 34 Wn. App. 192, 198, 660 P.2d 274, *review denied*, 99 Wn.2d 1016 (1983). Failure to notify an employee of nonrenewal creates an immediate vested right to a contract containing substantially identical terms and conditions. *Barnes*, at 488.

If a school district requests a certificated employee to perform duties which are not described in the employee's basic contract, a supplemental contract must be executed. Supplemental contracts are exempt from the continuing contract statute. RCW 28A.67.074. We have recognized that contracts with teachers for the supervision of extracurricular activities fall within this exemption. *Kirk v. Miller*, 83 Wn.2d 777, 779–80, 522 P.2d 843 (1974). I agree with the majority that the distinction between curricular and extracurricular duties is not the sole criterion for determining the relevance of the continuing contract statute. Majority, at 451. A school district should have the flexibility to institute special programs or fund additional services without creating a vested right in employees in the additional work time those programs require. However, I disagree with the majority when it allows a school district to make arbitrary distinctions between "basic" duties and "supplemental" duties in order to delay basic staffing level decisions until after the continuing contract deadline has passed. This interpretation of the statute allows the exception to swallow the rule.

As with many professional jobs, certificated school employees are required to complete a particular set of tasks to earn their salaries. Work produced, rather than hours clocked in at the workplace, forms the basis for their compensation. The payment of certificated employees by the day for days worked in excess of the 180–day basic school year is a convenient way for establishing levels of compen-

sation for those duties. However, some duties performed by certificated school employees during days when school is not in session are as much a part of their basic contract responsibilities as are duties performed during the "basic" school year. A department head must plan the department's budget and schedule staff for the year as well as supervise teachers during the school year. A librarian must set up the library and order resource materials as well as supervise student use of the library. Certificated employees cannot perform their school year duties without performing this type of "extended days" duties.

When a school district cuts back the "extended days" for which certificated employees will be compensated, many of the duties which the employees have in the past performed during those "extended days" do not disappear. Those duties are a necessary part of performing the duties required under the certificated employees' basic contracts. Rather, responsibility for performing those duties shifts so that those duties must now be performed under the terms of the employees' basic contract. Indirectly, by changing their "supplemental contracts", the school district has changed the employees' basic contract so that more work is required for the same compensation.

In this case the Issaquah School District has arbitrarily differentiated between professional duties performed during the "basic" school year and those performed during "extended days." It is impossible to determine from the record before us what effect the cutback in compensation for "extended days" had on the basic contracts of District certificated employees. If professional duties covered by the "extended days" contracts are truly *additional* duties which can be cut back or eliminated without affecting the duties employees must perform under their basic contracts, the District should be allowed to change the contracts without complying with the continuing contract statute. For example, the District should be able to eliminate compensation for attendance at a workshop if the workshop need not be attended, or for planning a department's budget if budget-

ing responsibilities are transferred to another employee. However, if professional duties covered by the "extended days" contract are necessary to, or included within the certificated employees' basic contract responsibilities, and cutbacks in "extended days" increase employees' work loads under their basic contracts, the District should not be allowed to alter the "extended days" contracts without complying with the continuing contract statute.

I would remand for determination of this issue which is fundamental to resolution of this question.

UTTER and GOODLOE, JJ., concur with BRACHTENBACH, J.