48 Wn. App. 743 (1987)
740 P.2d 889
KELSO EDUCATION ASSOCIATION, ET AL, Appellants,
v.
KELSO SCHOOL DISTRICT NO. 453, Respondent.
No. 9417-7-II.
The Court of Appeals of Washington, Division Two.
August 4, 1987.
Ellen Faith Hanna, for appellants.
Craig W. Hanson, for respondent.
*744 ARMSTRONG, J.[*]
The plaintiffs, Kelso Education Association, Lucy Calhoun, Ruth Hulett, and Debbie Williamson appeal from the trial court's denial of their motion for summary judgment and from the grant of a summary judgment for declaratory relief in favor of the Kelso School District No. 453. The plaintiffs contend that the trial court erred in entering a declaratory judgment to the School District which approved the District's use of supplemental contracts for regular teaching assignments, because such practice violated the continuing contract statute, RCW 28A.67.070. We agree and reverse the decision of the trial court.
The plaintiffs filed a complaint for declaratory judgment and writ of mandamus in the Cowlitz County Superior Court. Thereafter, the plaintiffs moved for summary judgment, and the District made a cross motion for summary judgment.
The affidavits revealed that during the 1982-83 school year, Ruth Hulett worked under a continuing contract for part of her class load and under a supplemental contract for part. During the 1983-84 school year, Debbie Williamson, Ruth Hulett, and Lucy Calhoun likewise worked under continuing contracts for part of their class loads and under supplemental contracts for part.
In 1983, Lucy Calhoun had filed a grievance against the Kelso School District, complaining that supplemental contracts had been used to promote a less senior teacher to a full-time employment status over a qualified teacher with seniority. This grievance was settled when the superintendent agreed to give Lucy Calhoun consideration prior to filling future vacancies.
Debbie Williamson filed a grievance during the 1984-85 school year, requesting that she be given a regular full-time contract. Her grievance was denied successfully by her immediate supervisor, the superintendent, and an arbitrator.
*745 During the 1984-85 school year, Lucy Calhoun taught 5 classes, 3 under a continuing contract and 2 under a supplemental contract. Debbie Williamson taught 5 classes during the 1984-85 school year, 4 under a continuing contract and 1 under a supplemental contract. Ruth Hulett had a part-time contract with the School District for the 1984-85 school year, and taught 4 classes, 3 under a continuing contract and 1 under a supplemental contract.
All three women held valid teaching certificates for these classes. All of the courses taught by these women were part of the regular school curriculum and were taught during the regular 6-period school day.
On May 31, 1985, the District informed the individual plaintiffs that their "supplemental contracts" would not be renewed for the next year. All three teachers were given reduced assignments for the 1985-86 school year with correspondingly reduced pay.
In the plaintiffs' complaint for declaratory judgment, they sought a declaration that the portion of their contracts designated as supplemental contracts be treated as contracts subject to the continuing contract law, RCW 28A.67.070. They also sought to order the District to issue amended contracts showing, retroactively, full-time continuing contracts for the individual plaintiffs for the years in question. The trial court denied summary judgment to the plaintiffs and granted a summary judgment in favor of Kelso School District No. 453. The court determined that the duties contracted for under supplemental contracts could be for either curricular or extracurricular duties and that the supplemental contracts were not subject to the continuing contract provisions of RCW 28A.67.070.

I

CONTINUING VS. SUPPLEMENTAL CONTRACTS
The teachers argue that the trial court erred in granting a declaratory judgment to the School District, because the School District may not avoid the protections under the *746 continuing contract statute by issuing supplemental contracts for contracts issued for the basic school year curricular duties performed by the teachers. We agree.
The superior court has the power to declare rights, status, and other legal relations under the Uniform Declaratory Judgments Act. RCW 7.24.010. A summary judgment granting declaratory relief is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Herskovitz v. Group Health Coop., 99 Wn.2d 609, 613, 664 P.2d 474 (1983). The appellate court takes the position of the trial court and assumes facts most favorable to the nonmoving party. Hartley v. State, 103 Wn.2d 768, 774, 698 P.2d 77 (1985).
The statute requiring certification and the continuing contract statute were designed to ensure professional competence and to protect the teachers from arbitrary discharge. Kirk v. Miller, 83 Wn.2d 777, 779, 522 P.2d 843 (1974). Under the continuing contract statute, RCW 28A.67.070, an employee must be notified on or before May 15 preceding the commencement of the next school term if there is "probable cause or causes that the employment contract of an employee should not be renewed by the district ..." If notice of nonrenewal is given under this section, the employee is granted an opportunity for a hearing under RCW 28A.58.455 to determine whether there is sufficient cause for the nonrenewal of the contract. RCW 28A.67.070. The statute then provides, in pertinent part:
If any such notification or opportunity for hearing is not timely given, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his or her employment had actually been renewed by the board of directors for such ensuing term.
Supplemental contracts are authorized by RCW 28A.67.074. At the time the supplemental contracts were issued in this case, that section provided, in pertinent part, "No supplemental *747 contract shall be subject to the continuing contract provisions of Title 28A ... RCW." That statute, however, does not specify what type of duties may be the subject of a supplemental contract.
Several cases have, however, attempted to define the scope of the continuing contract and supplemental contract provisions. In Kirk v. Miller, the court recognized the distinction between certified or curricular duties and extracurricular duties. Kirk, 83 Wn.2d at 781. Special or extracurricular assignments such as coaching athletic competitions, leading musical organizations, and advising special interest groups are not required by the curriculum and thus, no certification for these assignments is required. Kirk, 83 Wn.2d at 779. The court held that a school district could properly utilize supplemental contracts to contract for the performance of these extracurricular duties or special assignments and that these supplemental contracts were not subject to the continuing contract law. Kirk, 83 Wn.2d at 781-82.
In Issaquah Educ. Ass'n v. Issaquah Sch. Dist. 411, 104 Wn.2d 443, 706 P.2d 618 (1985), the court found that supplemental contracts were proper for those days worked in addition to the basic school year. Issaquah Educ. Ass'n, 104 Wn.2d at 452. The court held that the continuing contract statute was intended to protect certificated employees for the basic school year contracts only. Issaquah Educ. Ass'n, 104 Wn.2d at 452-53. See also Barendregt v. Walla Walla Sch. Dist. 140, 87 Wn.2d 154, 158, 550 P.2d 525 (1976) (petitioner's employment was subject to the continuing contract law, where his only assignment was for normal teaching activity for which he was required to be certificated).
Here, the collective bargaining agreement between the parties for the 1984-86 school years defined an employee's workday as "7 and one-half (7-1/2) hours inclusive of duty-free lunch." In addition, the workday for junior high employees included one preparation period.
[1] In this case, none of the classes covered by the supplemental *748 contracts was taught beyond the basic school year. In addition, none of the teachers taught more than five class periods in one day. Furthermore, the duties specified in the supplemental contract were for classes in the regular curriculum. We hold that the School District was not authorized to offer these contracts on a supplemental contract basis. The School District is not permitted to divide arbitrarily these teachers' contracts into basic contracts and supplemental contracts because this would defeat the purpose of promoting job security under the continuing contract statute. Therefore, the trial court erred in holding that the supplemental contracts were outside the protections of the continuing contract statute.

II

WAIVER
The School District argues that the teachers have waived their rights to contest the supplement contracts, because they agreed to them in the collective bargaining agreement. We hold that the teachers have not waived their rights to contest the supplemental contracts.
"Waiver is the intentional relinquishment of a known right. Wagner v. Wagner, 95 Wn.2d 94, 102, 671 P.2d 1279 (1980). The School District has cited to a section of the collective bargaining agreement which provides:
Employees required in the secondary schools to teach an additional period more than the norm will receive a stipend of 1/6th of their placement on the salary schedule.
(Italics ours.)
Nothing in that section indicates that the teachers intended to waive their rights to continuing contract protection for their regular teaching assignments. On the contrary, that statement would apply only if the employee taught "an additional period more than the norm." Here, none of the teachers taught any classes beyond a 6-period schedule. Thus, we find that the teachers have not waived their right to demand a continuing contract.
[2] Even if the teachers had waived their right, this *749 waiver would be ineffective as against public policy. In A.G.L.O. 59 (1974), the Attorney General opined that a school district may not offer a contract to an individual containing a condition that the employee waive his continuing contract rights under RCW 28A.67.070. In addition, the Attorney General held that if an employee did sign such a waiver, the waiver would not be valid or enforceable. A.G.L.O. 59 (1974). The Attorney General's construction of a statute is entitled to considerable weight in determining legislative intent, although such opinion is not controlling. Davis v. County of King, 77 Wn.2d 930, 934, 468 P.2d 679 (1970).
[3] Other states have found that a waiver of a continuing contract statute is unenforceable on the grounds of public policy. See, e.g., Bruton v. Ames Comm'ty Sch. Dist., 291 N.W.2d 351, 356 (Iowa 1980); Perry v. Independent Sch. Dist. 696, 297 Minn. 197, 210 N.W.2d 283, 290 (1973); Ex parte Wright, 443 So.2d 40, 42, (Ala. 1983). We agree with the statement made in Faust v. Lady Smith-Hawkins Sch. Sys., 88 Wis.2d 525, 277 N.W.2d 303, 306 (1979):
Where a statutorily created private right serves a public policy purpose, the persons or entities protected by the statute cannot waive the right.

III

ESTOPPEL
The School District also contends that Lucy Calhoun should be estopped from asserting her continuing contract rights. We disagree.
The three elements of estoppel include:
(1) an admission, statement or act inconsistent with the claim afterward asserted; (2) action by the other party on the faith of such admission, statement or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act.
Emrich v. Connell, 105 Wn.2d 551, 559, 716 P.2d 863 (1986).
[4] The School District contends that Lucy Calhoun's *750 action in filing a grievance to contest the fact that a less senior employee was given a supplemental contract ahead of her constitutes grounds for estoppel. We disagree.
Nowhere in the grievance did Lucy Calhoun assert that she would not insist on her continuing contract rights if a supplemental contract were awarded to her. Thus, her act was not inconsistent with a claim afterwards asserted, and estoppel does not apply.

IV

LACHES
Finally, the School District contends that the teachers' claims are barred by the doctrine of laches. This argument is without merit.
The elements of laches consist of:
(1) knowledge or reasonable opportunity to discover on the part of a potential plaintiff that he has a cause of action against a defendant; (2) an unreasonable delay by the plaintiff in commencing that cause of action; (3) damage to defendant resulting from the unreasonable delay....
Buell v. Bremerton, 80 Wn.2d 518, 522, 495 P.2d 1358 (1972).
[5] Under RCW 4.16.040(1), an action on a written contract must be commenced within 6 years. Absent highly unusual circumstances, a court is generally prohibited from imposing a shorter period under the doctrine of laches than under the relevant statute of limitations. Brost v. L.A.N.D., Inc., 37 Wn. App. 372, 375, 680 P.2d 453 (1984).
Here, the School District has failed to show an unreasonable delay. According to the affidavits, Ruth Hulett first worked under a supplemental contract in the 1982-83 school year. The employees filed their complaint for declaratory judgment and writ of mandamus on May 24, 1985.
Even if the cause of action accrued when Ruth Hulett was offered a supplemental contract for the 1982-83 school year, the action brought in 1985 was well within the 6-year statute of limitations. The School District has failed to allege any highly unusual circumstances that would justify *751 imposing a shorter period under the doctrine of laches. Thus, the doctrine of laches does not bar the teachers' action.
We reverse the trial court's award of summary judgment to the Kelso School District, grant the plaintiffs' motion for summary judgment for declaratory relief as prayed for, and remand to the trial court for further proceedings as may be necessary to resolve all issues by the pleadings. The plaintiffs' contracts should be amended to show continuing contracts for the years in question for the plaintiffs' basic school year curricular duties.
REED, C.J., and PETRICH, J., concur.
Review denied by Supreme Court November 3, 1987.
NOTES
[*] Judge Ralph Armstrong is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.