697 P.2d 343

James Ken RAMSAY,
Plaintiff/Appellant,

v.

SIERRA VISTA UNIFIED SCHOOL
DISTRICT NO. 68,
Defendant/Appellee.

No. 2 CA–CIV 5055.

Court of Appeals of Arizona,
Division 2, Department B.

March 11, 1985.

As Corrected June 19, 1985.

Gonzales & Villarreal, P.C. by Stephen C. Villarreal, Tucson, for plaintiff/appellant.

Beverly H. Jenney, Cochise County Atty. by David S. Hunt, Bisbee, for defendant/appellee.

## OPINION

LIVERMORE, Judge.

This case involves the power of a school board to employ a teacher as a "continuing teacher" after the board's statutorily mandated offer of re-employment has been revoked by the teacher's failure to accept the offer within the statutory time limits.

Appellant, James Ken Ramsay, had been employed by the Sierra Vista Unified School District No. 68 for eight years as of May 1982. On May 11, 1982, the district offered Ramsay a continuing teacher's contract for the following year. Ramsay signed and returned the contract to the district on June 14, 1982. This return was four days beyond the 30-day period in former A.R.S. § 15–536(A) which read:

"A. Subject to the provisions of §§ 15–539, 15–540, 15–544 and 15–549, the governing *board shall,* between March 15 and May 15, *offer* a teaching contract for the next ensuing school year to each probationary teacher and *a contract renewal for each continuing teacher under a contract of employment with the school district for the current school year,* unless, on or before April 15, the governing board, a member thereof acting on behalf of the board or the superintendent of the school district gives notice to the probationary teacher of the board's intention not to offer a teaching contract or a contract renewal in the case of a continuing teacher, unless such teacher has been dismissed pursuant to § 15–538, 15–539, 15–541, or 15–544. The probationary or *continuing teacher's acceptance of the contract for the ensuing year must be indicated within thirty days after receipt* of the contract or contract renewal by signing

and returning the contract or contract renewal or by an acceptance in writing which is delivered to the governing board *or the offer of contract or contract renewal is revoked."* (emphasis added)

On June 18, 1982, the assistant superintendent for the district, Vernon J. Baker, wrote Ramsay the following letter:

"Pursuant to ARS 15–536, you no longer have a continuing teacher's contract with the Sierra Vista Public Schools Unified District No. 68, Sierra Vista, Arizona.

Your refusal to sign and return the offered contract within the thirty days specified by law has revoked the contract according to legal counsel."

Shortly after receiving the letter, Ramsay met with Baker. Ramsay said that his failure to return the signed contract within 30 days had been an oversight and asked for another contract. Baker, acting on advice from legal counsel, informed Ramsay that he had no contract but that he could submit an application. He added that the school board would "probably consider" his application at its next meeting in August.

On August 20, 1982, Ramsay and the district entered into a contract. This contract was identical to the one offered Ramsay in May with only a single exception—the word "continuing" was deleted from the head of the page. The date of commencing performance was the same (August 20), the salary was the same, the terms of the pre-printed form contract were identical. In deposition Baker stated that the district "recommended him [Ramsay] for a probationary contract with under [sic] our understanding that he could not receive a tenured [sic]."

On January 3, 1983, Ramsay filed a complaint seeking a declaratory judgment that he either did not impliedly resign his tenured teaching status by failing to return his original contract within 30 days or, in the alternative, that his subsequent rehiring restored his tenure rights. In its answer the district alleged that:

"Plaintiff's failure to comply with the requirements of A.R.S. § 15–536(A) terminated his right to re-employment as a continuing teacher as a matter of law and further alleges that *Plaintiff's failure* to comply with the requirements of A.R.S. § 15–536(A) *deprived the Defendant's governing board of the power to offer him employment as a continuing teacher."* (emphasis supplied)

In its successful motion for summary judgment the district stated that "it is immaterial whether or not the governing board desires to grant Plaintiff continuing status ... because Plaintiff is not statutorily qualified to be a continuing teacher." We take this to be the central issue in this case. We have jurisdiction under A.R.S. § 12–2101.

■ The 30-day notice provision in former A.R.S. § 15–536(A) by its terms does not deprive a school district of any contractual power. It simply revokes the initial offer. The statute is silent as to what a district can do after the statutorily mandated offer "is revoked." Where the statute is silent, "[i]t is settled that ordinary principles of contract law apply to school district-teacher employment contracts." *Cords v. Window Rock School District No. 8, Apache County,* 22 Ariz.App. 233, 236, 526 P.2d 757, 760 (1974). Under these principles, a district may immediately make the same offer to one it wishes to employ. 1 Corbin, Contracts § 92 at 387 (1963) (an offeror may "extend the legal operation of his offer by renewing it from time to time"). As the district correctly notes, the policy furthered by the 30-day acceptance provision is that a "school district must be able to know as soon as possible who will be available for the coming year and who will not." The statute operates to ensure flexibility in the district's hiring practices. But it does not operate to limit the district's options. The statute mandates nothing beyond the revocation of the initial offer which the statute requires the district to make to a continuing teacher. To construe the statute otherwise would hinder that flexibility in administration which it seeks to promote.

■  Because we hold that former A.R.S. § 15–536(A) permitted the district to reoffer a contract to Ramsay, and because the district was proceeding on a contrary assumption, we must determine from the available facts, if they permit it, what the district would have done had it been correctly advised.  In this case, there is no factual dispute.  The district offered Ramsay an identical contract.  Having done so, it has freely continued to renew his contract, now for a ninth consecutive year, and Ramsay is entitled to the declaratory relief he seeks.

The judgment of the trial court is reversed and the matter is remanded for the entry of a declaratory judgment in Ramsay's favor to the effect that his contract with the defendant is a continuing one under the provisions of the Arizona Teacher Tenure Act.

HATHAWAY, P.J., and LACAGNINA, J., concur.