712 P.2d 451

**Joseph WALKER, Plaintiff/Appellant,**

**v.**

**SIERRA VISTA UNIFIED SCHOOL DIST. NO. 68, Defendant/Appellee.**

**No. 2 CA–CIV 5294.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 19, 1985.

Review Denied Jan. 7, 1986.

Gonzales & Villarreal, P.C. by Stephen C. Villarreal, Tucson, for plaintiff/appellant.

Beverly Jenney, Cochise Co. Atty. by David S. Hunt, Bisbee, for defendant/appellee.

## OPINION

HOWARD, Judge.

Joseph Walker appeals from the dismissal of his action against the Sierra Vista School District for its failure to classify him as a continuing teacher for the 1983–84 school year when he failed to timely return his teaching contract.

Walker had been employed by the district for nine consecutive years as of May 1983. On May 11, 1983, he received an unsigned copy of the proposed continuing teacher's employment contract for the 1983–84 school year. He was required by A.R.S. § 15–536(A) to return the contract within 30 days of receipt. It provides in pertinent part:

"A. ... The probationary or continuing teacher's acceptance of the contract for the ensuing year must be indicated within thirty days after receipt of the

contract or contract renewal by signing and returning the contract or contract renewal or by an acceptance in writing which is delivered to the governing board or the offer of contract or contract renewal is revoked."

On May 25, 1983, and June 7, 1983, the associate principal of Buena High School, Gary Payne, informed Walker that he had not yet received the contract, which was due on or before June 10, 1983. Each time, Walker assured Payne that he would return it on time. Additionally, in the Sierra Vista School District, the "Teacher's Handbook" referred to the contract return date in two separate sections. One section reads:

"CONTRACT RETURN: CONTRACTS MUST BE RETURNED WITHIN THIRTY DAYS AFTER RECEIPT. After thirty days the contract is void and the position will be considered vacant."

The other section reads: "Return Contract to Administration .... within 30 days of issuance." Finally, the cover page of the contract itself informed the teacher of the importance of returning the contract within 30 days of receipt. Walker, however, failed to return his contract by the deadline.

On June 15, Walker spoke with the principal of Buena High School, James J. Sandoval, and assistant superintendent for the district, Vernon J. Baker, regarding his failure to return the contract on time. Walker said he "could not find" his contract and that he had "misplaced" it. Baker informed Walker that he would have to apply for the teaching position he had vacated and that he would probably no longer be a continuing teacher.

On June 16, Walker sent a letter to Baker acknowledging his failure to return his contract on time and requesting he be considered for a 1983–84 teaching position. No further action was taken until July 11, when Walker's governing board voted to offer him a probationary teacher's contract, which he returned on July 19, 1983.

There were two differences between the probationary teacher's contract returned

by Walker and the previous continuing teacher's contract offered to him in May 1983: (1) The reference to "continuing teacher" was deleted from the document's heading and (2) the paragraph in the continuing teacher's contract which acknowledged the employee's continuing teacher's status was also not included.

The salary offer in the probationary contract, however, was identical since Walker had been teaching in the district for nine years. As a matter of policy, the district offers salaries commensurate with teaching experience even if a teacher leaves the district for a period of years and returns.

On January 3, 1984, pursuant to A.R.S. § 15–538, the appellee provided the appellant with "Preliminary Notice of Inadequate Classroom Performance." Despite individualized teaching assistance given to Walker, there was not adequate improvement. For this reason, the governing board voted not to renew Walker's probationary contract for the 1984–85 school year. Walker did not challenge his probationary teacher status until his dismissal on April 3, 1984, 90 days after he received his initial notice of inadequate classroom performance.

Walker contends that he was a continuing teacher during the 1983–84 school year and therefore the school district followed the improper procedure in not renewing his contract for the 1984–85 school year. Had Walker been classified as a continuing teacher, pursuant to A.R.S. § 15–539(B), he would have been given 8½ months to improve his classroom performance unlike the 90 days he was given as a probationary teacher, pursuant to A.R.S. § 15–538(B). Furthermore, unlike a probationary teacher, as a continuing teacher he would have been entitled to a due process hearing before dismissal, according to A.R.S. § 15–539(E).

Walker concedes that the school district complied with the notice to be given to a probationary teacher prior to dismissal. Accordingly, the sole issue before this court is whether Walker was a continuing teacher when the governing board decided not to renew his contract.

■ The plain language of A.R.S. § 15–536(A) states that the "offer of contract or contract renewal is revoked" if it is not returned within 30 days of receipt. Walker argues that it was not his "intent" to resign from employment, that he had a "good faith" reason for failing to return his contract on time, and that the school district was not "prejudiced" in any way by his failure to return his contract on time. Those considerations, however, are irrelevant. The fact is Walker did not return his contract by the deadline prescribed by statute. That is all that is required for the school district to revoke its offer of employment. *Ramsay v. Sierra Vista Unified School District No. 48*, 144 Ariz. 260, 697 P.2d 343 (App.1985); *Swick v. Seward School Board*, 379 P.2d 97 (Alas.1963); *Corcoran v. Lyle School District No. 406, Klickitat County*, 20 Wash.App. 621, 581 P.2d 185 (1978).

■ Walker next argues that even if the offer was revoked when he failed to return his contract on time, his continuing teacher status was automatically reinstated when he was rehired since he had nine years of service in the district. We do not agree. Failure to comply with the requirements of A.R.S. § 15–536(A) automatically caused a loss of continuing teacher status. *Ramsay v. Sierra Vista United School District,* supra. Once lost, that tenure can only be reacquired as prescribed by statute or by the decision of the governing board.

To acquire tenure by statute, A.R.S. § 15–501(A)(3) requires that a teacher be employed for three consecutive years and be renewed on a fourth contract. Walker entered into a new probationary contract of employment when the initial continuing teacher's contract was revoked by operation of law. Thus, at the time of his discharge, he had only been with the district for one year, three years short of the time required by statute to be considered a continuing teacher.

■ Additionally, the school district was not precluded from offering Walker a continuing teacher's contract. "The 30-day notice provision in former A.R.S. § 15–536(A) by its terms does not deprive a school

district of any contractual power.... [A] district may immediately make the same offer to one it wishes to employ. 1 Corbin on Contracts, § 92 at 387 (1963) (an offeror may 'extend the legal operation of his offer by renewing it from time to time.')" *Ramsay v. Sierra Vista United School District,* 144 Ariz. at 261, 697 P.2d at 344. There is no evidence before this court that the district desired to offer Walker a continuing teacher's contract, as in *Ramsay.*

Since Walker's initial offer was revoked and his continuing teacher status was not reacquired by statute or by the district's extension of its initial offer, Walker was a probationary teacher at the time of his discharge by the district.

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.