722 P.2d 389

**Philip WOLFE, Plaintiff/Appellee,**

v.

**SIERRA VISTA UNIFIED SCHOOL DISTRICT NO. 68, Defendant/Appellant.**

**No. 2 CA–CIV 5617.**

Court of Appeals of Arizona, Division 2, Department B.

June 18, 1986.

Gonzales and Villarreal, P.C., by Stephen C. Villarreal and Joan Calcagno, Tucson, for plaintiff/appellee.

Alan K. Polley, Cochise County Atty., by David S. Hunt, Bisbee, for defendant/appellant.

## OPINION

LIVERMORE, Presiding Judge.

Plaintiff, Philip Wolfe, became employed in 1967 as a classroom teacher for defendant, Sierra Vista School District. He achieved "tenure" or "continuing status" under the provisions of A.R.S. §§ 15–501 et seq. in 1971. In 1975 he became an administrator in the District and served in that capacity as an assistant principal until 1984. When he returned to full-time teaching in the fall of 1984, the District, acting on the advice of its counsel, offered him a contract as a "probationary teacher" and claimed that it was powerless to offer a continuing teacher contract. Plaintiff signed the probationary contract and brought an action for declaratory relief that his status was that of a continuing teacher. The District appeals from the judgment granting such relief. We affirm.

A.R.S. § 15–501(A)(3) provides: " 'Continuing teacher' means a certificated teacher who is employed under contract in a school district as a full-time classroom teacher ... and whose contract has been renewed for his fourth consecutive year of such employment in the district." Both parties agree that plaintiff meets all conditions of this definition. The District, however, argues that because plaintiff did not teach during the nine years he served as an administrator, any continuing status was lost. Nothing in the statute suggests that interpretation; we are, therefore, powerless to impose it. See Op.Att'y Gen. 178–286 (Dec. 22, 1978). In any event, we would be reluctant to do so. It would not appear to be wise policy to burden the assumption of administrative duties with the loss of the job security previously acquired.

This reading of the statute for those continuously employed by a district is consistent with legislative policy protecting those who become part-time teachers or administrators. See A.R.S. §§ 15–501(A)(3), 502. It is also consistent with *Walker v. Sierra Vista Unified School District*, 147 Ariz. 604, 712 P.2d 451 (App. 1985). There, employment was not continuous because continuing status had been lost by operation of law.

Affirmed.

BIRDSALL and LACAGNINA, JJ., concur.